Vincent MAIDA, Appellant.

v.

**FIRE INSURANCE EXCHANGE,**
Appellee.

No. 2–98–232–CV.

Court of Appeals of Texas,
Fort Worth.

March 25, 1999.

Wes Dauphinot, Fort Worth, for Appellant.

Louis J. Sandbote, P.C., Mark D. Cole, Dallas, for Appellee.

PANEL A: CAYCE, C.J.;
LIVINGSTON and BRIGHAM, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

In three points, appellant contends the trial court abused its discretion by failing to reinstate his case, and violated his rights to a fair trial and due process. We reverse.

### I. FACTS

Appellant Vincent Maida purchased an insurance policy through appellee Fire Insurance Exchange (Exchange) for coverage of personal property. After a theft during a move, Maida claimed $27,695 alleging either loss, theft, or other damage to his personal property. Exchange and Maida failed to settle the claim, and on December 26, 1996, Maida filed suit claiming that Exchange had breached the insurance contract and violated several provisions of the Texas Insurance Code. On February 6, 1997, Exchange answered, and between February 11 and September 3 of 1997, the parties engaged in discovery. On October 1, 1997, Maida filed his first amended petition.

On November 6, 1997, the court sent a notice of dismissal to the parties. The notice stated the court's desire to adhere to the supreme court's time standards for disposition of cases and that Maida's case would be dismissed within 30 days unless some disposition was made or other affirmative relief sought.

On November 14, Maida requested a trial setting, and the case was set for trial on April 13, 1998. But on March 18, Maida's counsel, Ron Boyle, filed a motion to continue the case and to withdraw as Maida's counsel. The court set a hearing on both motions for April 3. On March 30, Maida, who had since moved to California, sent a letter to the court requesting that the court deny Boyle's request to withdraw. Nevertheless, on April 3, the court allowed Boyle to withdraw and removed the case from its April 13 setting.

Then on April 6, just three days after Boyle's withdrawal, the court issued a second notice of dismissal. This second notice also stated that the court desired to comply with the supreme court's guidelines for disposition of cases, and stated the case would be dismissed for "want of prosecution" in 30 days unless Maida obtained an order of retention, reached some final disposition in the case, or sought other affirmative relief.

On May 11, 1998, 35 days after sending the second notice of dismissal, the court dismissed the case "for want of prosecution." The following day, Maida's new counsel filed a notice of appearance with the court. On June 4, Maida filed a verified motion to reinstate. At the hearing on Maida's motion to reinstate, the court denied his motion.

### II. DISCUSSION

■ When a party seeks appellate review of a case that has been dismissed for want of prosecution and that has not been reinstated, the party may cast its argument in one of three ways: First, a party may argue the trial court erred in dismissing the case; second, a party may contend it was error for the trial court to refuse to reinstate the case; and finally, a party may challenge both the dismissal and the denial of reinstatement. Although each challenge, if sustained, is independently sufficient to obtain reinstatement,[1] the subtle distinctions among the challenges affect both our ability and the scope of our review.

■ Maida designates his arguments under point one as challenges to the trial

---

1. A motion to reinstate is not a prerequisite for appeal. See *Hosey v. County of Victoria*, 832 S.W.2d 701, 703 (Tex.App.—Corpus Christi 1992, no writ). For purposes of an appeal, the order of dismissal is the final judgment. *See id.; Estate of Bolton v. Coats*, 608 S.W.2d 722, 725 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). As a result, a motion to reinstate is similar to a motion for new trial, and thus, necessary only to develop facts that otherwise would not appear in the record. *See Hosey*, 832 S.W.2d at 703–04.

court's failure to reinstate. However, the substance of his argument is directed to the trial court's *dismissal* of the case. He consistently argues that "dismissal on [inherent authority] ground[s] constitutes an abuse of discretion" and "dismissal on [rule 165a(1)] ground[s] constitutes an abuse of discretion." Furthermore, Maida, throughout his argument, requests that we find the *dismissal* an abuse of discretion. Nonetheless, Maida prays that we reverse the order denying the motion to reinstate.

■ Maida's point is multifarious, and we are not required to review it. *See Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939 (Tex.App.—Fort Worth 1997, pet. denied). However, we are to construe briefing rules liberally. *See* TEX.R.APP. P. 38.1(e), 38.9; *Texas Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 54–55 (Tex.1998). Those rules require that arguments be clear and concise as to the contentions made, with appropriate citations to authorities in the record. *See* TEX.R.APP. P. 38.1(h). A point is sufficient if it directs the appellate court to the error about which complaint is made. *See Bouchet*, 963 S.W.2d at 54–55. Because Maida has sufficiently directed us to the errors about which he complains—dismissal *and* failure to reinstate—we will address each of his complaints.

## A. REINSTATEMENT

■ A motion to reinstate a case dismissed for want of prosecution is addressed to the sound discretion of the court. *See Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 467 (Tex.1995); *Eustice v. Grandy's*, 827 S.W.2d 12, 14 (Tex.App.—Dallas 1992, no writ); *Goff v. Branch*, 821 S.W.2d 732, 733 (Tex.App.—San Antonio 1991, writ denied). In reviewing whether there was an abuse of discretion, the key question is whether the trial court acted without reference to any guiding rules and principles, or in an arbitrary or unreasonable manner. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

In this instance, the parties disagree as to the appropriate guiding rules and principles applicable to this case. In reviewing a court's refusal to reinstate, we must first look to the court's basis for dismissal. *See, e.g., Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 296 (Tex.App.—Waco 1997, writ denied). Determination of the basis for the dismissal provides the measure whereby we may determine if the court has abused its discretion.

### 1. Court's Authority to Dismiss

Under Texas Rule of Civil Procedure 165a, a trial court may dismiss a case for want of prosecution if a party fails to appear at trial or a hearing, or if the disposition of a party's case is not in compliance with the supreme court's time standards for disposition. *See* TEX.R. CIV. P. 165a(1)–(2). Rule 165a, however, is not the only authority by which a trial court may dismiss a case.

■ A court also has the inherent authority to dismiss for want of prosecution cases that are not prosecuted with due diligence. *See State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex.1984); *Villarreal v. San Antonio Truck & Equip., Inc.*, 974 S.W.2d 275, 276 (Tex.App.—San Antonio 1998, pet. granted) (citing *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex.1980)). This authority stems from a trial court's power to maintain and control its docket. *See Brim Laundry Mach. Co. v. Washex Mach. Corp.*, 854 S.W.2d 297, 301 (Tex.App.—Fort Worth 1993, writ denied).

■ Because the record in this case does not contain findings of facts or conclusions of law and the dismissal order does not specify the reason for dismissal other than to generally dismiss for "want of prosecution," we must affirm on any

legal theory supported by the record.[2] *See Ozuna v. Southwest Bio–Clinical Labs.*, 766 S.W.2d 900, 901 (Tex.App.—San Antonio 1989, writ denied) (op. on reh'g).

## 2. Application

Maida acknowledges that because the order is silent as to the reason for dismissal, we must affirm on any legal theory supported by the record. Nevertheless, he argues that regardless of the basis for dismissal, it was an abuse of discretion not to reinstate the case.

■ Maida postulates that the court's dismissal is based on one of two grounds: First is that the dismissal was under the court's inherent authority; second was his failure to seek affirmative relief as required in the notice of dismissal. Maida analogizes the *action* of failing to "seek affirmative relief" to the court's power to dismiss under 165a(1), when a party fails to appear. Despite this analogy, he asserts that such an interpretation is devoid of statutory support and can not support the dismissal. He contends that the standard for reinstatement set forth in 165a(3) is applicable to either ground of dismissal.

Rule 165a(3) and (4) address reinstatement. 165a(3) provides that a motion to reinstate shall be verified, must be filed within 30 days of the order of dismissal, and requires a hearing on the motion. *See* Tex.R. Civ. P. 165a(3). The rule also mandates reinstatement upon "finding ... that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.*

165a(4) provides that dismissal and reinstatement procedures are cumulative of other remedies and that the same reinstatement procedures and timetables are applicable to *all* cases dismissed for want of prosecution, even those dismissed pursuant to the court's inherent authority. *See* Tex.R. Civ. P. 165a(4).

We do not find Maida's contention, that the trial court was limited to two grounds for dismissal, persuasive. In this case, we do not interpret the instructions in the dismissal notice to be the basis for dismissal. Rather, we construe the enumerated actions, in the second notice, as grounds to *prevent* dismissal.[3] *See* Tex.R. Civ. P. 165a(1) (stating that once a case is on the dismissal docket, the court shall dismiss at the dismissal hearing unless there is good cause for the case to be maintained on the docket.)

■ Maida's reinstatement argument is predicated on the application of 165a(3)'s standard for reinstatement. However, in this case, rule 165a(3) does not provide the appropriate measure for determining whether the court should have reinstated the case. Several of our sister courts have held that 165a(3)'s standard for reinstatement only applies to cases dismissed for failure to appear. *See Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex.App.—Austin 1998, no pet.); *Clark v. Yarbrough*, 900 S.W.2d 406, 408–09 (Tex.App.—Texarkana 1995, writ denied); *Eustice*, 827 S.W.2d at 14; *Ozuna*, 766 S.W.2d at 903; *Stromberg Carlson Leasing Corp. v. Central Welding Supply Co.*, 750 S.W.2d 862, 866 (Tex. App.—Houston [14th Dist.] 1988, no writ); *Moore v. Armour & Co.*, 748 S.W.2d 327, 331 (Tex.App.—Amarillo 1988, no writ). We agree with those decisions.

The standard set out in 165a(3) is essentially the same standard as that for setting aside a default judgment. *See Babcock & Wilcox Const. Co.*, 913 S.W.2d at 468; *see also Sharpe v. Kilcoyne*, 962 S.W.2d 697,

---

2. We do not mean to imply that in certain instances other factors may not restrict our review to specific grounds of dismissal. *See, e.g., Villarreal*, 974 S.W.2d at 279–86 (Duncan, J., dissenting) (stating that where a notice of dismissal specifies a single ground for dismissal, a trial court may not dismiss on any other ground).

3. That is not to say a court could not dismiss a case under its inherent power for failing to seek affirmative relief.

701 (Tex.App.—Fort Worth 1998, no pet.); *Johnson v. Edmonds,* 712 S.W.2d 651, 652–53 (Tex.App.—Fort Worth 1986, no writ) (interpreting "conscious indifference" as a failure to take some action which a person of reasonable sensibilities under the same circumstances would deem necessary). Such a standard is well suited for analyzing specific instances of conduct. On the other hand, it does not easily lend itself to determining whether a party diligently prosecuted a case or whether the disposition of the case complies with the supreme court's time standards for disposition. *Cf. Stromberg Carlson Leasing Corp.,* 750 S.W.2d at 866.

Furthermore, 165a(4) is consistent with application of subdivision 3 to only instances of dismissal based on a failure to appear. 165a(4) requires that the *procedures* and *timetable,* be applied to all dismissals for want of prosecution. *See Eustice,* 827 S.W.2d at 15. Therefore, we hold that the 165a(3)'s reinstatement standard, "conscious indifference," only applies to cases dismissed for failure to appear.

Because Maida's argument is predicated on application of that standard, we do not find that the trial court abused its discretion in refusing to reinstate because of appellant's lack of conscious indifference. We overrule the portion of Maida's argument dealing with reinstatement under 165a(3).

## B. BASIS FOR DISMISSAL

### 1. Dismissal Under 165a(1)

Rule 165a(1) gives a court power to dismiss for want of prosecution when a party or its counsel fail to appear at a hearing or trial. Neither the notice of dismissal nor the order of dismissal were based on this subdivision. Nothing indicates that either Maida or his trial counsel failed to appear at any hearing. Therefore, 165a(1) is not applicable.

### 2. Dismissal Under 165a(2)

■ In 1988, rule 165a was amended and subdivision 2 was added. That subdivision authorizes a trial court to place a case on the dismissal docket when it is not disposed of in accordance within the time standards prescribed by the supreme court. *See* Tex.R. Civ. P. 165a(2). Those time standards state that:

District and statutory county court judges of the county in which cases are filed should, so far as reasonably possible, ensure that all cases are brought to trial or final disposition in conformity with the following time standards:

. . . .

**b. Civil Cases Other Than Family Law.**

(1) *Civil Jury Cases.*

Within 18 months from appearance date.

Tex.R. Jud. Admin. 6, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon 1998).

In line with this provision, the Tarrant County district courts adopted Local Rule 3.90 which provides:

Rule 3.90: Dismissal for Want of Prosecution

(a) The courts will periodically give notice of their intention to dismiss for want of prosecution. Such notice will be given at least thirty (30) days prior to the signing of consequent dismissal order.

(b) The clerk shall provide notice of the court's intention to dismiss for want of prosecution by complying with the provisions of Paragraph (1) of Rule 165a of the Texas Rules of Civil Procedure.

Local Rules of Practice of the District Courts of Tarrant County Rule 3.90 (Adopted October 2, 1990).[4]

---

**4.** Although captioned as the rules for district courts, rule 1.01(a) states that these rules govern proceedings in Tarrant County district and statutory county courts.

Thus, the supreme court has deemed 18 months to be a reasonable time period for disposing of a case like this.

Exchange filed an original answer and requested a jury on February 6, 1997. The trial court dismissed the case on May 11, 1998. Thus, Maida's case was dismissed only 15 months from appearance date. Because, the trial court did not follow the supreme court's disposition guidelines, it was an abuse of discretion to dismiss on this basis. *See Hosey*, 832 S.W.2d at 704.

### 3. Dismissal Under Inherent Authority

■ A trial court also has the inherent authority to dismiss a case that has not been diligently prosecuted. *See Rotello*, 671 S.W.2d at 509; *Ozuna*, 766 S.W.2d at 901. Whether a case has been diligently prosecuted is also an issue committed to the trial court's sound discretion. *See Ozuna*, 766 S.W.2d at 901–02. Factors a trial court may consider in dismissing under its inherent power include the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *See King v. Holland*, 884 S.W.2d 231, 237 (Tex.App.—Corpus Christi 1994, writ denied).

### 4. Application of Factors

■ Here, the case was on file for 17 months, still within the supreme court's guidelines.[5] During that time, the record reflects that significant discovery occurred in the eight months following Exchange's answer, at which time Maida requested the April 13, 1998 trial setting. Admittedly, from the time the first trial setting was requested until March 18, 1998, when Boyle sought to withdraw, Maida only took one deposition. However, the court did not give notice of its intent to dismiss during this period of inactivity. Rather,

the court sent its dismissal notice *after* it removed the case from its April 13 trial setting and allowed Boyle to withdraw.

Prior to the April 3 hearing, Maida filed a letter opposing Boyle's withdrawal. In that letter, Maida stated that he currently resided in California and that Boyle's experience with the case coupled with his withdrawal, so close in time to trial, would create a hardship to timely find a new attorney and would jeopardize the case. Nonetheless, the court dismissed Maida's case.

Under these circumstances, because (1) significant discovery had occurred in the case, (2) the case was not on file in excess of the supreme court's time standards, (3) the case had been set for trial, (4) it was continued over Maida's objection, (5) Maida lived out of state at the time of notice and dismissal, and (6) the court signed the notice of dismissal only three days after allowing Boyle to withdraw, we hold that the court abused its discretion in dismissing Maida's case under its inherent authority. *See Brim Laundry Mach. Co.*, 854 S.W.2d at 302; *Moore v. Armour & Co.*, 660 S.W.2d 577, 578 (Tex.App.—Amarillo 1983, no writ); *William T. Jarvis Co. v. Wes–Tex Grain Co.*, 548 S.W.2d 775 (Tex. Civ.App.—Waco 1977, writ ref'd n.r.e.); *Rorie v. Avenue Shipping Co.*, 414 S.W.2d 948 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.) (each standing for the proposition that where a party is ready for trial and has secured a trial setting or is otherwise making a diligent effort to get the case to trial, the case should not be dismissed for lack of prosecution). We sustain that portion of Maida's point dealing with the court's dismissal of his case.

Because we hold that the court abused its discretion in dismissing the case under its inherent authority, it was also an abuse to fail to reinstate a case improperly dismissed. Because of our disposition on this

---

5. The original petition was filed on December 26, 1996, but no answer was filed until February 1997. The period between Maida's filing of his original petition and Exchange's filing of an answer accounts, in large part, for the approximate two month difference between the "17 months on file" and the "15 months from appearance date."

point, we do not need to address Maida's second and third points.

## III. CONCLUSION

We hold that it was an abuse of discretion to dismiss the case for either noncompliance with the supreme court's time standards or under the court's inherent authority. We also hold that it was an abuse of discretion to fail to reinstate and reverse the trial court's judgment and remand the case to the trial court for reinstatement in accordance with this opinion.