COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-448-CV
 
LARRY RIPPIN                                                                       APPELLANT 
 
V.
 
PPG INDUSTRIES, INC.                                                             APPELLEE 
 
------------
 
FROM THE 
30TH DISTRICT COURT OF WICHITA COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        In three issues, Larry Rippin complains of the trial court’s dismissal of his 
four-and-a-half-year-old case for want of prosecution and the denial of his 
motion to reinstate. We will affirm. 
        The parties are familiar with the facts of this case and the applicable law 
is well-settled. 
        We review a trial court’s dismissal for want of prosecution and a denial 
of a motion to reinstate under an abuse of discretion standard. Franklin v. 
Sherman Indep. Sch. Dist., 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. 
denied). The trial court’s authority to dismiss for want of prosecution stems 
from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) 
the court’s inherent power to dismiss for failure to prosecute a case diligently. 
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). 
In exercising its inherent authority to dismiss a case that has not been 
prosecuted with reasonable diligence, the trial court may consider factors such 
as the length of time the case was on file, the extent of activity in the case, 
whether a trial setting was requested, and the existence of reasonable excuses 
for delay. Maida v. Fire Ins. Exch., 990 S.W.2d 836, 842 (Tex. App.—Fort 
Worth 1999, no pet.). A trial court may dismiss under Rule 165a(2) if a case 
is not disposed of within the time standards promulgated by the supreme court. 
Tex. R. Civ. P. 165a(2); see Tex. R. Jud. Admin. 6, reprinted in Tex. Gov’t Code 
Ann., tit. 2, subtit. F app. (Vernon 1998) (stating applicable disposition 
standard for civil cases is eighteen months from appearance date). 
        Having reviewed Rippin’s complaint under the above factors, we conclude 
that the trial court did not abuse its discretion in dismissing this case and 
denying Rippin’s motion to reinstate. 
        We overrule Rippin’s three issues and affirm the trial court’s judgment. 
 
 
                                                                  JOHN CAYCE 
                                                                  CHIEF JUSTICE 
 
PANEL A:   CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ. 
 
DELIVERED: December 31, 2003