Rippin v. PPG Industries

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-448-CV

LARRY RIPPIN APPELLANT

V.

PPG INDUSTRIES, INC. APPELLEE

------------

FROM THE 30
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In three issues, Larry Rippin complains of the trial court’s dismissal of his four-and-a-half-year-old case for want of prosecution and the denial of his motion to reinstate.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

We review a trial court’s dismissal for want of prosecution and a denial of a motion to reinstate under an abuse of discretion standard. 
 Franklin v. Sherman Indep. Sch. Dist.
, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied).  The trial court’s authority to dismiss for want of prosecution stems from two sources:  (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court’s inherent power to dismiss for failure to prosecute a case diligently.  
Villarreal v. San Antonio Truck & Equip.
, 994 S.W.2d 628, 630 (Tex. 1999).  In exercising its inherent authority to dismiss a case that has not been prosecuted with reasonable diligence, the trial court may consider factors such as the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay.  
Maida
 
v. Fire Ins. Exch.
, 990 S.W.2d 836, 842 (Tex. App.—Fort Worth 1999, no pet.).  A trial court 
may dismiss under Rule 165a(2) if a case is not disposed of within the time standards promulgated by the supreme court.  
Tex. R. Civ. P.
 165a(2); 
see
 
Tex. R. Jud. Admin
. 6, 
reprinted in 
Tex. Gov’t Code Ann.
, tit. 2, subtit. F app. (Vernon 1998) (stating applicable disposition standard for civil cases is eighteen months from appearance date).

Having reviewed Rippin’s complaint under the above factors, we conclude 
that the trial court did not abuse its discretion in dismissing this case and denying Rippin’s motion to reinstate.

We overrule Rippin’s three issues and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED: December 31, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.