NO. 12-03-00025-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DIANA BANKHEAD, M.D.,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


TIM MADDOX D/B/A MADDOX HOMES,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

OPINION


 Diana Bankhead, M.D. ("Bankhead") appeals the trial court's judgment, which failed to
award her reasonable attorney's fees despite the jury's finding Tim Maddox liable for breach of
contract. Bankhead raises one issue on appeal. We affirm.


Background

 Bankhead filed suit against Tim and Kim Maddox d/b/a Maddox Homes ("Maddox")
alleging breach of contract and other claims arising out of the construction of her home. The jury
found Tim Maddox liable for breach of contract and awarded damages. However, in response to the
charge question concerning the amount Bankhead should be awarded to compensate her for
reasonable attorney's fees she incurred, the jury answered zero. This appeal followed.


Failure to Award Attorney's Fees

 In her sole issue, Bankhead argues that, having found Tim Maddox liable for breach of
contract, and considering the evidence supporting the award of reasonable attorney's fees, the jury
was prohibited from awarding a zero amount in attorney's fees. In support of her argument,
Bankhead cites to the provisions of Texas Civil Practice and Remedies Code section 38.001 (Vernon
1997). However, as Maddox points out, in any action to recover damages arising from a
construction defect, except a claim for personal injury, survival, or wrongful death or for damage to
goods, the Residential Construction Liability Act ("RCLA") applies to the extent that there is any
conflict between it and any other law. See Tex. Prop. Code Ann. § 27.002 (Vernon Supp. 2004). (1) 
Bankhead's pleadings reflect that she sought to recover damages arising from construction defects
under a breach of contract theory. Therefore, the matter is governed, to the extent that there is a
conflict of law, by the RCLA. Id. 

 Maddox argues that Bankhead has waived the issue by inadequately briefing it. The Texas
Rules of Appellate Procedure set forth the required contents and organization of an appellant's brief. 
See Tex. R. App. P. 38.1. The appellant's brief must state concisely all issues or points presented
for review. Tex. R. App. P. 38.1(e). An issue presented in an appellant's brief is sufficient if it
directs the attention of the appellate court to the error about which complaint is made. Maida v. Fire
Ins. Exchange, 990 S.W.2d 836, 839 (Tex. App.-Fort Worth 1999, no pet.). Moreover, in support
of an issue, the appellant's brief must contain a clear and concise argument containing appropriate
citations to authority and to the record. See Tex. R. App. P. 38.1(h).

 In its review of a civil matter, an appellate court has no discretion to fabricate an issue not
raised in the appellant's brief, even though the court may perceive that the ends of justice require
such a course. See Krumb v. Porter, 152 S.W.2d 495, 496 (Tex. Civ. App.-San Antonio 1941, writ
ref'd). Moreover, issues raised for the first time in a reply brief may not be considered, except
perhaps in exceptional cases. Id. at 496-97; see also Anderson Producing Inc. v. Koch Oil Co., 929
S.W.2d 416, 424 (Tex. 1996) (court declined to consider issue first raised in reply brief); Lopez v.
Montemayor, No. 04-03-00174-CV, 2003 WL 22714742, *6 (Tex. App.-San Antonio 2003, no
pet.) (not yet released for publication) (reply brief is not intended to allow an appellant to raise new
issues); Green Light Co. v. Moore, 485 S.W.2d 360, 364 (Tex. Civ. App.-Houston [14th Dist.]
1972, no writ) (new grounds for reversal set forth in appellants' second brief may not be considered);
Colorado River Western Ry. v. Texas & N.O.R. Co., 283 S.W.2d 768, 771 n. 2 (Tex. Civ.
App.-Austin 1955, writ ref'd n.r.e.) (issues not made in appellant's original brief are waived and will
not be considered by appellate court, though raised in appendix to appellants' amended and reply
brief).

 The totality of Bankhead's argument in support of her sole issue concerns the application of
Texas Civil Practice and Remedies Code, section 38.001. Bankhead contends that "once the jury
finds that a party should prevail on a claim upon which attorneys' fees are mandated, the only
question remaining for the jury is the reasonable value of the attorney's fees and not whether they
should be awarded." In further support of her issue, Bankhead cites Jackson Law Office, P.C. v.
Chappell, 37 S.W.3d 15 (Tex. App.-Tyler 2000, pet. denied), Holland v. Wal-Mart Stores, 1
S.W.3d 91 (Tex. 1999), Satellite Earth Stations East v. Davis, 756 S.W.2d 385 (Tex. App.-Eastland
1988, writ denied), and First Texas Sav. Ass'n of Dallas v. Dicker Center, Inc., 631 S.W.2d 179,
188 (Tex. App.-Tyler 1982, no writ).

 The RCLA conflicts with Texas Civil Practice and Remedies Code, section 38.001 in that
the RCLA contains limitations to the recovery of attorney's fees. (2) None of the cases cited by
Bankhead in her brief concern the recovery of attorney's fees under the RCLA. In her sole issue,
Bankhead claims, generally, an entitlement to attorney's fees in an amount greater that the "zero"
amount awarded by the jury. But Bankhead's claim for attorney's fees on appeal can only be
understood when read in conjunction with her supporting argument. Bankhead's argument and
supporting authorities in her original brief ignore controlling law and proceed under the theory that,
given the evidence concerning the reasonableness and necessity of Bankhead's attorneys' fees, once
the jury found liability, the attorneys' fees she sought "were mandated." 

 Once Maddox addressed the limitations on attorney's fees pursuant to the RCLA, Bankhead
sought to salvage the issue in her reply brief. However, as Bankhead neglected to raise the issue and
address the controlling authority related thereto in her original brief, we hold that she has waived the
issue of her entitlement to attorney's fees under the RCLA. See, e.g., Anderson Producing Inc.,
929 S.W.2d at 424; Lopez, 2003 WL 22714742 at *6; Moore, 485 S.W.2d at 364; Colorado River
Western Ry., 283 S.W.2d at 771 n. 2; see also Tex. R. App. P. 38.1(e) and (h). Bankhead has not
directed us to any authority concerning exceptional circumstances applicable to this case, the
possibility of which was referenced by the court in Krumb. Moreover, we are unaware of the
existence of any such exceptional circumstances. Bankhead's sole issue is overruled.


Conclusion

 Having overruled Bankhead's sole issue, we affirm the trial court's judgment.




 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 17, 2004.

Panel consisted of Worthen, C.J. and Griffith, J.

DeVasto, J., not participating.




















(PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



MARCH 17, 2004



NO. 12-03-00025-CV



DIANA BANKHEAD, M.D.,


Appellant


V.


TIM MADDOX d/b/a MADDOX HOMES,


Appellee



 


 Appeal from the 241st Judicial District Court


 of Smith County, Texas. (Tr.Ct.No. 00-2596-C)





 



 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be in all things affirmed, and that all costs of this appeal are hereby adjudged
against the Appellant, DIANA BANKHEAD, M.D., for which execution may issue, and that this
decision be certified to the court below for observance.

 James T. Worthen, Chief Justice.

 Panel consisted of Worthen, C.J. and Griffith, J.

 DeVasto, J., not participating.



THE STATE OF TEXAS


M A N D A T E


*********************************************




TO THE 241ST DISTRICT COURT of SMITH COUNTY, GREETING: 


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 17th day
of March, 2004, the cause upon appeal to revise or reverse your judgment between


DIANA BANKHEAD, M.D., Appellant



NO. 12-03-00025-CV; Trial Court No. 00-2596-C



Opinion by James T. Worthen, Chief Justice.



TIM MADDOX d/b/a MADDOX HOMES, Appellee



was determined; and therein our said Court made its order in these words:


 "THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
be in all things affirmed, and that all costs of this appeal are hereby adjudged against the Appellant,
DIANA BANKHEAD, M.D., for which execution may issue, and that this decision be certified to
the court below for observance."


 WHEREAS, WE COMMAND YOU to observe the order of our said Court of Appeals for
the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly
recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of our Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200____.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk 
1. The RCLA was amended in 2003. To the extent that there is no substantive change of law germane to this
appeal, for ease of reference, we will cite to the current statute. 
2. Compare Acts 1989, 71st Leg., ch. 1072, § 1, eff. Sept. 1, 1989. Amended by Acts 1993, 73rd Leg., ch.
797, § 5, eff. Aug. 30, 1993; Acts 1995, 74th Leg., ch. 414, § 10, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 189,
§ 5, eff. Sept. 1, 1999, with Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1997); see also Tex. Prop. Code
Ann. § 27.004(b) (Vernon Supp. 2004).