CLOPTON V. AIRPORT MARINA HOTEL

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-055-CV

JOHN BENJAMIN CLOPTON, JR., APPELLANTS

INDIVIDUALLY, BARBARA ANN CLOPTON,

INDIVIDUALLY, AND JOHN BENJAMIN CLOPTON, JR.

AND BARBARA ANN CLOPTON AS THE HEIRS

OF THE ESTATE OF DAVID WAYNE CLOPTON, DECEASED

V.

AIRPORT MARINA HOTEL, INC. A/K/A HYATT APPELLEES

EAST REGENCY DFW, DALLAS/FORT WORTH 

INTERNATIONAL AIRPORT BOARD, DFW AIRPORT 

HOTEL ASSOCIATES, BEAR CREEK DFW ASSOCIATES, 

LTD., HYATT CORPORATION, ROBERT FRANKLIN MCMILLAN,

MARIE MCMILLAN, AND MARCUS J. BUSCH

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one multifarious issue, appellants complain of the trial court’s failure to grant their motion for new trial based upon new evidence.  We affirm the trial court’s judgment.

Factual Background

Appellants John and Barbara Clopton, individually and as heirs of the estate of their son, David Wayne Clopton, sued appellees Airport Marina Hotel, Inc. a/k/a Hyatt East Regency DFW, Dallas/Fort Worth International Airport Board (the “Board”), DFW Airport Hotel Associates, Bear Creek DFW Associates, Ltd., and Hyatt Corporation (together, the “corporate appellees”), and Robert Franklin McMillan, Marie McMillan, and Marcus J. Busch, after David died while leaving a New Year’s Eve party being held at the Airport Marina Hotel.  David, who was intoxicated, attempted to cross a busy road, and appellee Robert McMillan struck and killed him.  Appellants sued the corporate appellees under theories of negligence and violations of the Dram Shop Act.  Appellants sued the McMillans under theories of negligence.  Appellee Marcus J. Busch is appellants’ former attorney in this case, who intervened to assert an attorney’s fee lien against appellants.  Appellants represented themselves pro se in the trial court proceedings below after they terminated Busch’s representation of them.

Procedural Background

Appellee Marie McMillan, a passenger in the car her husband was driving, moved for summary judgment, which the trial court granted on April 24, 2003, thereby disposing of all claims against her.

The Board filed a motion to dismiss for lack of subject matter jurisdiction, which the trial court heard on June 12, 2003.  Also on that date, the trial court heard summary judgment motions filed by all of the corporate appellees.  The trial court granted the plea to the jurisdiction, but denied the motions for summary judgment, on June 13, 2003. 

The remaining causes of action were scheduled to go to trial on June 16, 2003 in the 141st Judicial District Court, the Honorable Len Wade presiding. Before trial, on May 9, 2001, the trial court granted appellants’ and Busch’s agreed motion to withdraw as counsel for appellants.
(footnote: 2)  On the morning of trial, June 16, 2003, appellee Robert McMillan appeared, but appellants told the trial court that they had reached a settlement with all the remaining corporate appellees and that a rule 11 agreement had been signed the previous day.  
See
 
Tex.
 
R. Civ. P. 
11.  Appellants further announced that they had nonsuited Robert McMillan.  They filed a written notice of nonsuit as to both of the McMillans that same day, June 16, 2003. 

A few days later, on June 20, appellants filed a pro se motion to revoke the settlement agreement.  They claimed they had been “victims of duress, coercion, fraud and gross misconduct.”  The corporate appellees then filed a motion to enforce the settlement agreement along with a traditional motion for summary judgment, on June 27, 2003.

Appellants then filed additional responsive pleadings demanding a jury trial and setting forth affirmative defenses to the enforcement of the settlement agreement based primarily on fraud.  Appellants alleged that the corporate appellees had found out what the court’s ruling would be on the Board’s plea to the court’s jurisdiction on or about June 15, 2003, without disclosing this information to appellants, and while negotiations on settlement were taking place.  Appellants contend that the court’s letter ruling dated June 13, 2003—the day 
after
 the plea to the jurisdiction hearing—was faxed or sent to the appellees but not to appellants.  Appellants claimed they did not receive Judge Wade’s Friday, June 13, 2003 letter ruling until June 19, 2003 even though trial was scheduled to begin Monday, June 16, 2003.

After appellants alleged that they did not receive the trial court’s ruling on the Board’s plea to the jurisdiction in a timely manner, Judge Wade recused himself on August 29, 2003.  The presiding judge of the judicial region, the Honorable Jeff Walker, then transferred the case to the 236th Judicial District Court, the Honorable Tom Lowe presiding, on September 3, 2003.

On Friday, October 10, 2003, Judge Lowe heard appellees’ “Motion to Enforce Settlement Agreement and Traditional Motion for Summary Judgment (on breach of contract).”  Judge Lowe determined that corporate appellees had “established the existence of a valid Rule 11 Agreement settling all claims in dispute between the [appellants] and the [corporate appellees], subject only to the [appellants’] ability to establish any of the affirmative defenses set out in its Notice of Revocation of Settlement.”  Judge Lowe’s order is dated March 4, 2004.

On May 25, 2004, appellants moved to set aside their voluntary nonsuit of appellees Robert and Marie McMillan.  After a hearing on August 19, 2004, the trial court denied appellants’ motion to set aside their nonsuit and ordered both McMillans dismissed from the suit.  On July 14, 2004, appellants moved for summary judgment on their claim of breach of the settlement agreement, which was never ruled on by the trial court. 

In the interim, in July 2003, appellants had filed an accelerated appeal with this court challenging the trial court’s order granting the Board’s plea to the jurisdiction.  We dismissed that appeal for want of jurisdiction on October 16, 2003.
(footnote: 3)
 On
 November 8, 2004, 
the trial court granted the corporate appellees’ traditional motion for summary judgment and entered a final judgment as to all claims and parties.  And, again, the trial court, by another written order, denied appellants’ motion to set aside the voluntary nonsuit and reinstate as to the McMillans.

On December 7, 2004, appellants filed a motion for new trial, but before the motion was heard, appellants filed a motion to recuse Judge Lowe.  On December 10, 2004, Judge Lowe signed an order of recusal.  On December 21, 2004, Judge Walker, the presiding judge, signed an order transferring the case to his court, the 96th Judicial District Court.  Appellants obtained a setting for January 18, 2005, in that court on their motion for new trial.  However, once again, on January 7, 2005, appellants filed a motion to recuse Judge Walker 
before the January 18, 2005 hearing date. 
 This last recusal motion resulted in the necessary cancellation of the January 18 motion for new trial hearing that was scheduled to be heard by Judge Walker.  During this same approximate time period, appellants also filed a motion for emergency relief and a petition for writ of mandamus in the Supreme Court of Texas, both of which were denied on January 19, 2005.  The motion for new trial was therefore not heard and was overruled by operation of law.  This appeal followed.

Issues on Appeal

Appellants’ sole issue on appeal is multifarious, and this court is not required to review it.  
See
 
Tex. R. App. P.
 38.9; 
Maida v. Fire Ins. Exch.
, 990 S.W.2d 836, 839 (Tex. App.—Fort Worth 1999, no pet.).  Their issue states, 

Whether the Trial Court erred and abused its discretion in its actions/inactions regarding APPELLANTS’ verified (sworn) uncontroverted Motion For New Trial (which contained a point for Newly Discovered Evidence), which resulted in the motion being overruled by operation of law on January 22, 2005, resulting in injustice and unfairness to the APPELLANTS because the Trial Court should have granted APPELLANTS a new trial?

Discussion

To the extent appellants’ primary complaint is directed to the trial court’s failure to grant their new trial, appellants’ own actions resulted in the error of which they now complain; by virtue of filing a motion to recuse Judge Walker, the 96th District Court Judge, the judge in front of whom their motion for new trial was then pending, Judge Walker was prohibited from hearing the motion until 
after
 a recusal hearing could take place.  
See 
Tex. R. Civ. P
. 18a(c).

Rule 18a(c) states, “Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion.”  
Id.
 
 Thus, the very action of which appellants complain was invited by the very action they took.  It has long been held that a party cannot complain on appeal about an alleged error which that party invited or asked the court to take, “a doctrine commonly referred to as ‘the invited error’ doctrine.”  
Tittizer v. Union Gas Corp.
, 171 S.W.3d 857, 862 (Tex. 2005); 
cf. Rogers v. Bradley, 
909 S.W.2d 872, 879-80 (Tex. 1995) (Enoch, J., dissenting to Gammage, J.’s, declaration of recusal) (explaining decision declining to recuse, noting that no constitutional or rule-based grounds for recusal existed and emphasizing that it is judge’s conduct, not conduct of third party, that is critical in determining whether to recuse); 
Carmody v. State Farm Lloyds, 
184 S.W.3d 419, 421-22 (Tex. App.—Dallas 2006, no pet.) (holding that trial judge’s denial of recusal motion without first referring matter to presiding judge of administrative judicial district was proper when motion for recusal was made after hearing had already begun and trial court had made rulings unfavorable to movants)
; Parker
 
v. Parker
, 131 S.W.3d 524, 528 (Tex. App.—Fort Worth 2004, pet. denied) (op. on reh’g) (holding grounds for recusal can be waived).

Appellants had filed their motion for new trial and even had the hearing on their motion already set when they filed their motion to recuse Judge Walker on January 7, 2005.  Judge Walker declined to recuse himself on January 18, 2005, and requested the Chief Justice of the Texas Supreme Court to assign a judge to hear appellants’ recusal motion.  On February 10, 2005, Chief Justice Wallace Jefferson assigned Judge Quay F. Parker to hear appellants’ recusal motion.  The recusal hearing took place on February 24, 2005 and was denied.  Appellants do not challenge the denial of their motion to recuse Judge Walker; they only challenge the denial of their motion for new trial.  However, we must look at the consequences the filing of their motion to recuse Judge Walker had on their motion for new trial.
  See Parker, 
131 S.W.3d at 529-30 (holding grounds for recusal can be waived).

When a challenged judge declines to recuse himself or herself, the rules of civil procedure prohibit that judge from taking any further action in the case until a hearing has been held on the party’s recusal motion.  
Tex. R. Civ. P.
 18a(d).  The presiding judge of the appropriate judicial administrative region is required to immediately set the recusal hearing before himself or “some other judge designated by him.”  
Id.
 
 But because appellants challenged the presiding judge of the region, Judge Walker requested the Chief Justice of the Texas Supreme Court to appoint another judge to hear the recusal motion.  
See
 
id.; see also 
Tex. R. Civ. P.
 18a(g
) (allowing Chief Justice of the Supreme Court to appoint and assign judges in conformity with this rule and pursuant to statute)
; see also 
Tex. Gov’t Code Ann.
 §§ 74.049, 74.056, 74.057, 74.059(c), 75.002 (Vernon 2005).  Section 74.049(3) specifically authorizes the Chief Justice to make assignments within a judicial region and “perform the other duties of a presiding judge . . . in a particular matter in which the presiding judge disqualifies himself from performing the duties of presiding judge in that matter.”  
Tex. Gov’t Code Ann.
 § 74.049(3); 
see also id.
 
§ 74.057(a) (authorizing Chief Justice to assign judges of one or more administrative regions for service in other administrative regions when necessary to the prompt and efficient administration of justice).  By the time of the recusal hearing, the time for hearing appellants’ motion for new trial had expired, and it was overruled as a matter of law.  
See
 
Tex. R. Civ. P.
 329b(c), (e).

Appellants created their own predicament and under the invited error doctrine cannot complain on appeal about the denial of their motion for new trial because their request for another recusal in this matter of the newly assigned judge to hear the motion was the very reason their new trial motion was not heard timely.  To the extent appellants’ issue challenges the trial court’s denial of their motion for new trial, it is overruled.  To the extent they make numerous other complaints and arguments contained within this same issue, they are overruled as multifarious.  
See Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284 (Tex. 1994); 
Columbia Med. Ctr. of Las Colinas v. Bush
, 122 S.W.3d 835, 841 n.1 (Tex. App.—Fort Worth 2003, pet. denied).

Additionally, appellants’ sole issue on appeal includes an attack on the trial court’s dismissal with prejudice of appellee Busch’s suit in intervention.  However, appellants do not direct this court to any trial court error regarding the dismissal; appellants only state that they did not agree to the “substance or form” of the trial court’s order of dismissal.  Regardless, we also agree that Busch had the right to unilaterally dismiss his claim against appellants at any time, so long as the opposing party had not made a claim for affirmative relief against him.  
See
 
Tex. R. Civ. P.
 162; 
BHP Petroleum Co. v. Millard
, 800 S.W.2d 838, 840-41 (Tex. 1990) (orig. proceeding); 
Moseley v. Behringer
, 184 S.W.3d 829, 832 (Tex. App.—Fort Worth 2006, no pet.).  Without a request for affirmative relief, it is a trial court’s ministerial duty to grant such a dismissal. 
 Hooks v. Fourth Court of Appeals
, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding).

Further, to the extent that appellants now more specifically claim they did not receive notice of the Busch dismissal in accordance with Tarrant County Local Rule 3.06(e), that complaint has also been waived by failure to assert it in the trial court.  
See
 
Tex. R. App. P
. 33.1; 
Tarrant (Tex.) Civ. Dist. Ct. Loc. R
. 3.06(e).

Conclusion

Having overruled appellants’ sole issue on appeal, we affirm the judgment of the trial court.

PER CURIAM

PANEL A: LIVINGSTON, J.; CAYCE, C.J.; and GARDNER, J.

DELIVERED: August 10, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
On June 18, 2003, attorney Busch filed a plea in intervention for his unpaid attorney’s fees. [3RR 329]

3:
Clopton v. Dallas/Fort Worth Int’l Airport Bd.
, No. 02-03-00194-CV, 2003 WL 22351854 (Tex. App.—Fort Worth Oct. 16, 2003, no pet.) (mem. op.).