COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ROSA MARIA ARZATE, | | No. 08-18-00018-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 243rd District Court |
| | § | |
| MATTHEW MANUEL ANDUJO AND | | of El Paso County, Texas |
| JUAN MIGUEL TORRES, | § | |
| | | (TC # 2017DCV0567) |
| Appellees. | § | |

**O P I N I O N**

Rosa Maria Arzate's lawsuit had been pending just shy of nine months when the trial court dismissed it for want of prosecution. Because none of the predicates for dismissal for want of prosecution under TEX.R.CIV.P. 165a, or under a trial court's inherent power are met on this record, we conclude the dismissal was error. Accordingly, we reverse and remand.

**BACKGROUND**

On February 17, 2017, Rosa Maria Arzate filed an original petition that named two defendants, Matthew Manuel Andujo and Juan Miguel Torres. The petition alleges that a year before, Andujo, while intoxicated, entered Interstate 10 heading in the wrong direction. His actions caused an accident which injured Arzate. The petition further alleges that Torres negligently entrusted his vehicle to Andujo when he knew or should have known that Andujo was unfit and otherwise unsuitable to drive.

A citation was issued for both Andujo and Torres on March 16, 2017. The return of service, appended to the citation, reflects that a private process server delivered the suit papers in person to Torres on May 11, 2017 and to Andujo on May 12, 2017. They were required to file answers by June 5, 2017 but failed to do so.

The trial court had set monthly status hearings for the case, the first on May 18, 2017, with successive status hearings on June 15, July 13, and August 24. Nothing in the record suggests that Arzate's attorney did not attend those settings. The trial court set the case for a dismissal hearing on September 28, 2017. Prior to that hearing date--on September 22, 2017--Arzate filed a motion for a default judgment. The motion attached the two returns of service executed by the process server. The trial court set the default hearing for October 12, 2017.

Arzate's attorney appeared at the default hearing prepared to prove up the amount of unliquidated damages. The trial court, however, declined to grant the default. The trial court concluded that the returns of service, which had been on file for at least ten days, were not sufficient to prove actual service on the defendants.

That same day, the trial court set another dismissal hearing for November 9, 2017. The notice letter states in all caps, and bolded language that the dismissal hearing was "under Rule 165a, Texas Rules of Civil Procedure." The form notice of intent to dismiss for want of prosecution attached to the letter states that the trial court intended to dismiss the case for five reasons: (1) failure to appear, (2) failure to prosecute the case with due diligence within the Texas Supreme Court's guidelines, (3) on the trial court inherent authority, (4) on the trial court's inherent authority for violating the trial court's local rules, and (5) on the trial court's inherent authority for violating the El Paso County local rules.

2

In this same time frame, Arzate had filed several Notices of Intent to Use Medical and Business Records, to proving up her medical records and bills. Arzate had also filed an amended petition that named a new defendant--a bar that allegedly over-served Andujo drinks.

Arzate's attorney appeared at the dismissal hearing. When asked what had been done to prosecute the suit, the attorney discussed the amended petition and the addition of the new defendant, and again claimed that both Andujo and Torres had been served. When counsel was unable to produce any documentation of service (beyond the executed return of service), the trial court then dismissed the case for want of prosecution.

Arzate timely filed a verified motion to reinstate, which the trial court denied after a brief hearing.

**DISCUSSION**

Arzate raises three issues on appeal: (1) the dismissal hearing was set under Rule 165a and neither of the two grounds for dismissal under that rule apply here, (2) the dismissal cannot be supported as an exercise of the trial court's inherent authority, and (3) the trial court abused its discretion in failing to grant the motion to reinstate. We need address only the first two issues.

We review a dismissal for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 272 (Tex.App.--El Paso 2010, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Olivas*, 323 S.W.3d at 272.

A trial court's authority to dismiss for want of prosecution is governed by Texas Rule of Civil Procedure 165a as well as the court's inherent power. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999). Although the cover letter from the trial court in this

3

case states that the motion was sent under Rule 165a, the body of the notice itself also refers to the trial court's inherent authority to dismiss. Therefore, we address each possible ground.

## Dismissal under Rule 165a

We easily dispose of any claim that the suit was properly dismissed under Rule 165a. Under Rule 165a(1), a trial court may dismiss a suit when the party seeking affirmative relief fails to appear at trial or another hearing after receiving notice of the setting. TEX.R.CIV.P. 165a(1); *Villarreal,* 994 S.W.2d at 630. Arzate's counsel appeared at every hearing reflected in the reporter's record before us, including the dismissal hearing. There is no reference in any of the dialog between court and counsel at the dismissal hearing to suggest that counsel failed to appear at any of the earlier status hearings.

Rule 165a(2) also allows a trial court to dismiss a case for want of diligent prosecution when a case is not "disposed of within time standards promulgated by the Supreme Court under its Administrative Rules[.]" TEX.R.CIV.P. 165a(2). At present, the Texas Supreme Court requires that if reasonably possible, civil jury cases (other than family law cases) filed in district courts should be disposed of within eighteen months from the appearance date. *See* TEX.R.JUD.ADMIN. 6.1(b)(1), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. F app.; *see also Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 842 (Tex.App.--Fort Worth 1999, no pet.)(noting 18-month disposition standard).

Arzate filed her original petition on February 17, 2017. The original defendants' appearance date was June 5, 2017. A newly added defendant had not yet been served by the time of the dismissal hearing. The case was dismissed just over five months from the first appearance date. Accordingly, any dismissal based on Rule 165a(2) would be an abuse of discretion. *Najera v. Martinez*, 577 S.W.3d 846, 850 (Tex.App.--El Paso 2018, no pet.)(trial court abused discretion

4

in dismissing case pending six months at time of dismissal hearing); *Maida*, 990 S.W.2d at 841-42 (finding abuse of discretion for dismissing case pending only 15 months from appearance date).

## Dismissal Under Inherent Authority

Independent of the rules of procedure, a trial court also has the inherent authority to dismiss a case when a plaintiff fails to prosecute the case with reasonable diligence. *Villarreal*, 994 S.W.2d at 630; *MacGregor*, 941 S.W.2d at 75. A trial court may consider the following factors in dismissing a case under its inherent authority: (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for delay. *Olivas*, 323 S.W.3d at 274 (citations omitted). We conclude the trial court abused its discretion under these factors.

### *Length of delay*

As we note above, the case was on file for nine months when the trial court dismissed the case. The case had pended only five months from the appearance date. Both periods are far shorter than the time standard for disposition set by the Texas Supreme Court for district courts in civil jury cases (eighteen months from appearance date), and this factor weighs against upholding the trial court's decision. *See Najera*, 557 S.W.3d at 850 (six months at time of dismissal hearing); *Maida*, 990 S.W.2d at 842 (case on file for 17 months and this factor weighed against upholding the trial court's decision to dismiss the case for want of prosecution pursuant to its inherent powers).

### *Activity in the case*

In the nine months that the case had been pending, Arzate had collected and filed under business records affidavits 168 pages of medical and billing records from four medical providers. She had amended her petition to name an additional party and included written discovery to that

party.[1]  She had also filed a motion for default judgment against the two non-answering defendants and set the motion for hearing.  This factor also weighs against dismissal of the case.

*Requested trial setting*

Arzate set a hearing to take a default judgment, which is the equivalent of a trial, at least for a defendant who does not appear.  While Arzate had not sought to obtain a trial setting for the newly named defendant, it had not yet been served.  *See Najera*, 557 S.W.3d at 850 (lack of trial setting not significant factor when delay was occasioned by inability to serve defendant, who was unserved at time of the dismissal).  This factor also weighs in Arzate's favor.

*Reasonable excuse for delay*

Two reasons explain any perceived delay in the prosecution of the case.  First, Arzate alerted the trial court in its motion for default to a letter by defendant Torres's insurance company.  The letter claimed that its insured was not cooperating, and the insurance carrier closed its investigation based on that non-cooperation.  The majority of insurance policies contain provisions that outline an insured's duties in the event of a loss, claim, or lawsuit.  *See* Rick Virnig, The Insured's Duty to Cooperate, 6 J. Tex. Ins. L. 11 (Fall 2005).  One of those typical provisions, a notice-of-suit clause, is a condition precedent to the insurer's liability on the policy.  *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173-74 (Tex. 1995).  But the insured's failure to notify the insurer of a suit does not relieve the insurer from liability for the underlying judgment unless the lack of notice prejudices the insurer.  *Id*. at 174.  The cases often turn on the whether the insurance had actual notice of the lawsuit, and the degree of prejudice resulting from the failure to provide notice of the suit.  *See Members Ins. Co. v. Branscum*, 803 S.W.2d 462, 466 (Tex.App.--Dallas 1991, no pet.)(and cases discussed therein).

---

[1]  Arzate's brief states that she renamed the bar in a separate lawsuit and settled those claims.  Accordingly, the bar is not a party to this appeal.

6

The tension between the insured's duty to the insurance carrier, the insurance carrier's potential prejudice, and the risk of creating a coverage defense creates an obstacle course that a plaintiff's attorney must carefully navigate. *See Rodriquez v. Texas Farmers Ins. Co.*, 903 S.W.2d 499, 503 (Tex.App.--Amarillo 1995, writ denied)(plaintiff who elected to take default and obtained assignment of rights against insurance carrier, ultimately resulting in the loss of coverage under a homeowner's policy). Without the terms of the policy, or the nature of the discussions, if any, between Arzate and the carrier, we do not speculate on the exact nature of the coverage issues raised here. It is enough to say that Arzate's counsel would need to tread carefully in pursuing a default judgment, taking into careful consideration the implications for insurance coverage.

The second complicating factor that explains any delay was the apparent unwillingness of the trial court to accept an executed return of return of service as sufficient proof to grant a default judgment. Rule 107 describes a proper return of service, that as here, may be endorsed on the citation. TEX.R.CIV.P. 107. The rule sets out in subsection (b) eleven predicates of a proper return. *Id*. When the trial court declined to grant the default, it stated "if you want a default, you need to present documentation and persuade me that he was served." The trial court did not point to any particular requirement under Rule 107 that was not met. Given the trial court's position (which is not before us), it is enough to say that the timeline for disposing of the case for any reasonable counsel would be upset.

Although a court has broad discretion to dismiss a case for want of prosecution pursuant to its inherent authority, that discretion is not unfettered. We conclude the trial court abused its

discretion by dismissing Arzate's case for want of prosecution based on its inherent authority.[2] *See Najera*, 557 S.W.3d at 850; *Maida*, 990 S.W.2d at 842-43.

We therefore sustain Arzate's first and second issues and we need not consider the third issue (the failure to reinstate). The judgment of the trial court is reversed, and the cause remanded for a trial on the merits.

April 30, 2019

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

---

[2] The notice of intent to dismiss also cited to the trial court's inherent authority to enforce its own internal rules, and the El Paso County Local Rules. Neither were discussed at the hearing, and we are unaware of any local rule that Arzate violated.