**SULPHUR SPRINGS COCA–COLA BOT-TLING COMPANY, Appellant,**

v.

**Francis FORTNEY, Appellee.**

No. 16887.

Court of Civil Appeals of Texas.

Dallas.

March 3, 1967.

Allen Clark, of Clark & Clark, Greenville, for appellant.

Don M. Hayter, Greenville, for appellee.

DIXON, Chief Justice.

Sulphur Springs Coca-Cola Bottling Company, appellant, whose place of business is located in Hopkins County, Texas, was sued for damages in Hunt County by appellee Francis Fortney. This appeal is from an order of the County Court of Hunt County overruling appellant's plea of privilege whereby appellant sought to have the cause transferred to Hopkins County for trial.

Fortney operates a washateria, a service center, and a service station in Commerce, Hunt County, Texas. He owns and operates a soft drink vending machine in his service center. He purchases bottled coca-cola by the case from appellant. The coca-cola is bottled by appellant at its place of business in Sulphur Springs, Hopkins County, and delivered by truck to appellee Fortney at his service center in Commerce. From time to time Fortney takes a few bottles home for the personal use of himself and his family.

On or about December 7, 1965 appellee became ill at his home after drinking part of the contents of a bottle of coca-cola. The coca-cola tasted bitter and had a bad odor. Appellee received medical attention and missed work about ten days.

In his petition appellee Fortney charges that his illness and damages came about through appellant's negligence "in failing to properly clean and sterilize the bottles used by it in the bottling of said drinks prior to their use and resale to the public, as well as properly charging them with the proper contents." Appellee further alleges that all of the instruments and machinery used by defendant in the bottling of said drink were under appellant's exclusive supervision and control. The controverting affidavit contains substantially the same allegations.

Appellee contends that venue may be maintained in Hunt County under Art. 1995, subdivision 9a, Vernon's Ann.Civ.St.

In its third point on appeal appellant says that subdivision 9a is not applicable because appellee did not prove that any negligence occurred in Hunt County; and that to the contrary, if there was any negligence, it was shown to have occurred in Hopkins County, where the coca-cola was bottled.

Subdivision 9a of Art. 1995 provides that a suit based on negligence "may be brought *in the county where the act or omission of negligence occurred* or in the county where the defendant has his domicile." (Emphasis ours.)

Our Supreme Court has said that the language of subdivision 9a is plain and unambiguous. For venue purposes it means that a suit may be tried in the county where the negligent act occurred as against the claim that the suit may be tried in the county where the injuries occurred. Leonard v. Abbott, 366 S.W.2d 925, Tex.Sup., 1963.

In the case now before us appellee himself alleges that the negligent acts of appellant in the bottling of the coca-cola occurred in Hopkins County and that the instruments and machinery for said bottling were under appellant's exclusive control in Hopkins County. That being so venue properly lies in Hopkins County. Appellant's third point is sustained.

In two other points appellant attacks the sufficiency of appellee's controverting affidavit. In view of our sustaining appellant's third point we see no need to pass on the question of alleged technical defects in appellee's affidavit.

The judgment of the trial court is reversed and the cause remanded to the trial court with directions to sustain appellant's plea of privilege and transfer the cause to Hopkins County for trial.

Reversed and remanded.