**Percy FOREMAN, Appellant,**

v.

**Norman ROWE, Appellee.**

**No. 12156.**

Court of Civil Appeals of Texas, Austin.

June 19, 1974.

Bob Burleson, Jim D. Bowmer, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellant.

J. D. Collier III, Cobb & Collier, Lewisville, for appellee.

O'QUINN, Justice.

From an order of the district court in Bell County overruling his plea of privilege to be sued in Harris County, Percy Foreman, defendant below, has appealed and brings five points of error.

Norman Rowe brought this suit against Percy Foreman in Bell County in September of 1973 seeking damages for alleged negligence of Foreman in allowing a suit, in which Foreman was attorney for Rowe, to be dismissed, after which the defendant in that suit died and the cause became barred by limitations.

By his controverting affidavit contesting the plea of privilege, Rowe sought to retain venue in Bell County under Subdivision 5, pertaining to a contract in writing, and under Subdivision 9a, pertaining to negligence. (Art. 1995, Vernon's Ann. Civ.Sts., subd. 5, as amended 1973, subd. 9a, as added 1953). Rowe brought forward on appeal his contentions under Subdivision 5, but at submission, in oral argument, counsel for Rowe waived all points under which Subdivision 5 was urged. We have before us only questions relating to venue under Subdivision 9a and will not consider points under Subdivision 5.

We will reverse the judgment of the trial court and order the cause transferred to Harris County.

■ In order to maintain a suit based upon negligence of any form, active or passive, under Subdivision 9a, the plaintiff must establish by preponderance of the evidence that "an act or omission of negligence occurred in the county where suit was filed," if the county of suit is not where the defendant has his residence.

The record in this case shows that neither Rowe nor Foreman is a resident of Bell County. Rowe is a resident of Denton County, and Foreman resides in Harris County, where he has been a practicing attorney for many years. At the hearing on the plea of privilege it was shown that Rowe employed Foreman to bring a suit for personal injuries against Kenneth Bland, now deceased, growing out of an incident occurring in Bell County in which Rowe suffered gunshot wounds. Bland was a resident of Taylor County.

Foreman prepared a petition for Rowe and the suit was instituted in Bell County when filed by the district clerk who received the petition through the United States mail. Rowe's suit against Bland was filed in September of 1968. Bland was served with citation and filed an answer in the cause. The suit subsequently was dismissed, in October of 1971, with notation stamped on the court's docket, "Dismissed for lack of prosecution at plaintiff's cost," signed by the district judge.

It appears undisputed from the testimony and other evidence introduced at the hearing that Foreman filed the suit by mail and did not at any time thereafter make a personal appearance in the case in Bell County. Members of Rowe's family conceded that Foreman was never in Bell County in consultation about the case and that the only time they saw him in connection with the suit was in Harris County. The district clerk who is acquainted with Foreman testified that she had not seen Foreman in Bell County at any time during pendency of the suit, and that she did not "recall seeing Percy Foreman here [in Bell County] during the last few years . . ." We have examined the record with care and find no evidence that Foreman was in Bell County at any time in connection with the lawsuit or that he ever performed any act related to the suit in Bell County.

■ Rowe insisted that he wrote and mailed a letter to Foreman at Houston telling him that "there was going to be a docket sweep down here in the Bell County Courthouse on some records that had been there for so long a time . . ." It is clear from the evidence that any act or

omission of negligence, if there was negligence, occurred in Harris County and not in Bell County, as nothing in the record discloses that Foreman was ever in Bell County in connection with Rowe's suit against Bland, and that consultations with Rowe concerning the suit and preparation of papers related to the case took place in Harris County.

The Supreme Court in 1963 held, after describing the language of Subdivision 9a as "plain and unambiguous," that: "An act can only occur where the act actually takes place. *'Occur' does not include the results of the occurrence,* but only the taking place, happening, or coming to pass." (Emphasis added) Leonard v. Abbott, 366 S.W.2d 925, 927 (Tex.Sup.1963). If Foreman negligently failed to act, in an effort to prevent dismissal of the suit, or thereafter failed to act in an effort to reinstate the cause, his omissions, if there were any, occurred in Harris County. The results of any act or omission, if Rowe suffered resulting injury, would be in Bell County, which was not the county where the alleged negligence happened or came to pass.

In the hearing on the plea of privilege, Rowe had the burden to show that some act or omission of negligence occurred in Bell County which was a proximate cause of the damages he claims. Sulphur Springs Coca-Cola Bottling Company v. Fortney, 412 S.W.2d 721 (Tex. Civ.App., Dallas 1967, no writ); Boyd v. Thompson-Hayward Chemical Company, 450 S.W.2d 937, 944 (Tex.Civ.App., Tyler 1970, writ dsmd.).

The evidence was fully developed at the hearing, with the testimony of five witnesses and introduction of records and other documentary proof, followed by argument of counsel.

The judgment of the trial court, overruling the plea of privilege, is reversed. The case is remanded to the trial court with instructions to transfer the cause to district court of Harris County, Texas.