No. 04-99-00199-CV


Richard SCOVILLE,

Appellant

v.

George E. SHAFFER,

Appellee

From the 45th Judicial District, Bexar County, Texas

Trial Court No. 96-CI-07901

Honorable Janet P. Littlejohn, Judge Presiding

Opinion by: Catherine Stone, Justice

Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice (concurring in the judgment only) 

 Karen Angelini, Justice

Delivered and Filed: October 20, 1999

AFFIRMED

 This case revisits the issue of the adequacy of the dismissal docket notice used in Bexar
County.(1) Scoville appeals from a dismissal for want of prosecution and a subsequent failure to
reinstate.(2) In three issues, Scoville complains that the trial court abused its discretion in dismissing
his cause for lack of prosecution and in denying his motion to reinstate. Because we recognize that
the new dismissal docket form employed in Bexar County affords proper notice of dismissal to
litigants, we hold that the trial court acted within its discretion in issuing the order denying
reinstatement. The order of the trial court is affirmed.

Factual and Procedural Background

 Appearing pro se, Scoville sued appellee Shaffer for legal malpractice in late May 1996. For
almost three years following the initial filing of his suit, Scoville took no action on the case, nor did
he conduct any form of discovery. On February 23, 1999, the court set the case on the dismissal
docket and subsequently dismissed the cause for failure to prosecute. Scoville then filed a motion
to reinstate. At the hearing on the motion on March 10, the trial court denied reinstatement citing
the over two-year inactivity as a basis for the denial.Trial Court's Authority to Dismiss for Want of Prosecution

 A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule
165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. Veterans' Land Bd.
v. Williams, 543 S.W.2d 89, 90 (Tex. 1976). A trial court may dismiss under Rule 165a on "failure
of any party seeking affirmative relief to appear for any hearing or trial of which the party had
notice," Tex. R. Civ. P. 165a(1), or when a case is "not disposed of within the time standards
promulgated by the Supreme Court...." Tex. R. Civ. P. 165a(2). In addition, the common law vests
the trial court with the inherent power to dismiss independently of the rules of procedure when a
plaintiff fails to prosecute his or her case with due diligence. Rizk v. Mayad, 603 S.W.2d 773, 776
(Tex. 1980). However, a party must be provided with notice and opportunity to be heard before a
court may dismiss a case for want of prosecution under either Rule 165(a) or its inherent authority.
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). 

Due Process

 Scoville argues that the dismissal notice erroneously misled him into believing that the dis-

missal hearing would not in fact result in a dismissal. Rather, he interpreted the dismissal notice to
read that if he appeared at the dismissal hearing and announced "ready" for trial, the presiding judge
would either set the case for trial at that time or in the near future. 

 In Villarreal, the supreme court held that the Bexar County dismissal notice failed to apprise
parties of the trial court's intent to dismiss for want of prosecution within the exercise of its inherent
power. 994 S.W.2d at 629. The dismissal notice in Villarreal read as follows:

 BY DIRECTION OF THE PRESIDING JUDGE OF SAID COURT
[,] NOTICE IS HEREBY GIVEN YOU THAT THE ABOVE
CAUSE[S], UPON ORDER OF THE COURT [,] IS SET FOR
DISMISSAL ON THE 22ND DAY OF OCTOBER, 1996......YOU
ARE REQUESTED TO BE PRESENT AND MAKE YOUR
ANNOUNCEMENT. IF NO ANNOUNCEMENT IS MADE, THIS
CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION.

 ALL ORDERS THAT WILL REMOVE A CASE FROM THE
DISMISSAL DOCKET MUST BE SUBMITTED TO THE
DISMISSAL DEPARTMENT ON OR BEFORE THE DATE WHEN
THE DOCKET IS CALLED.

 YOU ARE REMINDED THAT THIS IS NOT A DOCKET FOR
THE RESETTING OF CASES, BUT FOR THEIR DISMISSAL.

 The focus of the supreme court's concern with the dismissal notice surrounded the language
"if no announcement is made, this cause will be dismissed for want of prosecution." Id. at 630. The
court agreed with Villarreal that he complied with the notice language by: (1) his presence at the
dismissal docket hearing, and (2) his announcement of readiness for trial. Id. Additionally, the court
rejected the claim that the phrase "this is not a docket for the re-setting of cases, but for their
dismissal," adequately notified parties of the likelihood of dismissal. Id. at 633. The court found
the phrase misleading because no indication was made that a party must show good cause to avoid
dismissal. Id.

 Today, the court examines the dismissal notice in Scoville's case which reads in part:

 BY ORDER OF THE PRESIDING JUDGE . . . THE CASE IS SET
FOR HEARING TO DETERMINE WHETHER THE CASE
SHOULD BE:

 (1) RETAINED ON THE DOCKET, OR

 (2) DISMISSED FOR WANT OF PROSECUTION (FAILURE TO
 PROSECUTE THE CASE WITH DILIGENCE) OR

 DISMISSED PURSUANT TO RULE 165a(2) FOR FAILURE TO
MEET THE TIME STANDARDS SPECIFIED IN RULE 6 OF THE
RULES OF JUDICIAL ADMINISTRATION, OR BOTH.

 IF NO PARTY SEEKING AFFIRMATIVE RELIEF APPEARS AT
THE HEARING, THE CASE WILL BE DISMISSED PURSUANT
TO RULE 165(a)(1).

 YOU ARE REMINDED THAT THIS IS NOT A DOCKET FOR
RESETTING CASES, BUT A DISMISSAL DOCKET.

(emphasis added). In contrast to the dismissal notice at issue in Villarreal, the current dismissal
notice which Scoville received specifically draws attention to the four potential outcomes of the
dismissal hearing: (1) retention of the case on the docket; (2) dismissal for want of prosecution
(failure to prosecute the case with diligence); (3) dismissal pursuant to 165a(2) for failure to meet
the time standards specified in Rule 6 of the Rules of Judicial Administration; or (4) dismissal under
Rule 165(a)(1). The inclusion of the language "failure to prosecute the case with diligence" affords
litigants the necessary notice that the court may invoke its inherent authority and dismiss the suit for
want of prosecution.

 Scoville makes the contention that a pro se litigant cannot be bound by the same standard as
a practicing attorney with regard to interpretation and application of county rules and procedures.
However, Texas courts hold pro se litigants to the same standards as litigants represented by
licensed counsel. Kanow v. Brownshadel, 691 S.W.2d 804, 806 (Tex. App.-Houston [1st Dist.]
1985, no writ); Bailey v. Rogers, 631 S.W.2d 784, 786 (Tex. App.-Austin 1982, no writ). Litigants
who represent themselves must comply with applicable laws and rules of procedure. Barnett v. City
of Colleyville, 737 S.W.2d 603, 605 (Tex. App.-Fort Worth 1987, writ denied). In any event, even
a pro se litigant is put on notice by the language of the new Bexar county dismissal notice which both
tracks the language of Rule 165a of the Texas Rules of Civil Procedure and invokes the court's
inherent authority. Accordingly, Scoville's claim that he failed to receive proper notice of dismissal
is overruled.

Diligent Prosecution

 In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, 

a trial court may consider the entire history of the case, including the length of time the case was on
file, the extent of activity in the case, whether a trial setting was requested, and the existence of
reasonable excuses for delay. King v. Holland, 884 S.W.2d 231, 237 (Tex. App.-Corpus Christi
1994, writ denied). No single factor is dispositive, and a belated trial setting or stated readiness to
proceed to trial does not conclusively establish diligence. Ozuna v. Southwest Bio-Clinical
Laboratories, 766 S.W.2d 900, 902 (Tex. App.-San Antonio 1989, writ denied). 

 Here, the trial court denied Scoville's motion to reinstate citing a period of almost three-year
inactivity. At the hearing on the motion to reinstate, the record reveals Scoville's inability to give
the trial court any indication of when he could proceed to trial. Scoville's attempt to depose Shaffer
one day prior to the dismissal hearing is insufficient to overturn the trial court's ruling. See Ozuna,
766 S.W.2d at 902 (noting that no single factor is dispositive to establish diligence of prosecution).
Further, Scoville conceded his lack of participation in the instant case at the reinstatement hearing.
Thus, we hold that the trial court did not abuse her discretion in failing to reinstate Scoville's case. 
See MacGregor v. Rich, 941 S.W.2d 74, 76 (Tex. 1997)(examining whether trial court's motion to
dismiss was without reference to any guiding rules and principles, or whether the act was arbitrary
or unreasonable).

Collateral Activity

 Scoville directs the court to his activity on a collateral case related to his malpractice suit
against Shaffer. Scoville argues that his discovery activity in this collateral case provides a basis for
holding that the trial court abused its discretion in failing to reinstate the instant case. We disagree
with such a proposition. See Rampart Capital Corp. v. Maguire, 974 S.W.2d 195, 197 (Tex.
App.-San Antonio 1998, pet. denied), 1999WL 450855 (Tex. July 1, 1999) (recognizing that
activity in a related matter does not demonstrate diligence in prosecuting instant suit). We overrule
Scoville's claims and affirm the trial court's order.

 Catherine Stone, Justice



PUBLISH


1. The Fourth Court of Appeals extensively dealt with this issue in Villarreal v. San Antonio Truck, 974 S.W. 2d
275, 276 (Tex. App.-San Antonio), rev'd, 994 S.W.2d 628, 629 (Tex. 1999); Goff v. Branch, 821 S.W.2d 732 (Tex.
App.- San Antonio, writ denied); Ozuna v. Southwest Bio-Clinical Laboratories, 766 S.W.2d 900 (Tex. App.-San
Antonio, writ denied). Recently, the Supreme Court reversed the Court of Appeals decision in Villarreal holding that
the Bexar County dismissal docket notice failed to adequately apprise parties of the trial court's intent to dismiss for want
of prosecution in the exercise of its inherent power.
2. The Honorable Janet P. Littlejohn presided over both the dismissal docket and the hearing on the motion to
reinstate.