

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-242-CV

JOHN W. BANOS                                                    APPELLANT

V.

THOMAS A. WILDER                                                 APPELLEE

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In four issues, appellant John W. Banos pro se appeals the dismissal for want of prosecution of his lawsuit against appellee Thomas A. Wilder. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

Wilder is the district clerk for all district courts in Tarrant County. Banos sued Wilder in 1997 in the 48th District Court of Tarrant County, Texas,[2] alleging that Wilder failed to provide him with copies of requested documents and that this violated Banos's civil rights, giving rise to a section 1983 claim.[3]

The case sat dormant until February 28, 2008, when the trial court issued an order to show cause why the case should not be dismissed. In response, Banos claimed to have sent a letter to the trial court in October 2000 asking when a new trial date was set. There is, however, no such letter in the record. Banos also argued in his response that the actions he took from 1997 through 2000 demonstrated that he "used a [sic] reasonable diligence to advance his suit and move it to a quick conclusion . . . ."[4]

---

[2] Banos argues in his brief that his suit was filed in "constitutional court" but was illegally transferred to the 48th District Court. However, nothing in the record suggests this case was ever transferred.

[3] *See* 42 U.S.C. § 1983 (2003).

[4] The record contains a motion for summary judgment filed by Banos in August 1997, but there is nothing in the record indicating that Banos asked the court to act on this motion or that the motion was ever ruled upon. Banos further claims to have filed a motion for a bench warrant or to appear by video at the trial and to have sought a continuance but asserts that he "didn't hear anything from the court" nor did he "receive a response" to these alleged motions. No such motions, however, appear in the record. Banos also states that the trial court set his suit for trial during the week of January 18, 1999, but again, nothing in the record reflects such a setting.

Upon receiving Banos's response, the trial court issued an amended show cause order in which it ordered the parties to show cause why the case should not be dismissed for want of prosecution, as frivolous inmate litigation under section 14.003 of the Texas Civil Practice and Remedies Code,[5] or because Banos failed to file an affidavit with certain information about his litigation history and inmate trust account as required by section 14.004 of the Texas Civil Practice and Remedies Code.[6] Wilder argued in response that dismissal would be proper on any of the three grounds identified. Banos attempted to amend his pleadings to include the information required by section 14.004. Then, on May 15, 2008, without specifying the grounds for its order, the trial court dismissed Banos's suit.

We review a trial court's dismissal for want of prosecution under an abuse of discretion standard.[7] To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act

---

[5] *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002).

[6] *See id.* § 14.004 (requiring inmate who claims inability to pay costs to file affidavit identifying and describing all litigation brought by inmate and certified copy of trust account statement).

[7] *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.).

3

was arbitrary or unreasonable.[8]  Merely because a trial court may decide a matter within its discretion differently than an appellate court would in similar circumstances does not demonstrate an abuse of discretion.[9]

When a dismissal order does not specify the ground on which dismissal was based, we will "affirm the trial court's judgment on any theory supported by the record."[10]  Chapter 14 of the Texas Civil Practice and Remedies Code authorizes a trial court to dismiss an inmate's lawsuit when the suit is frivolous or when the inmate fails to file an affidavit regarding his litigation history and a certified copy of his trust account statement.[11]  A trial court also has authority to dismiss a case for want of prosecution under its inherent power when a plaintiff fails to prosecute his or her case with due diligence.[12]

In determining whether a party has diligently prosecuted his case, the trial court "may consider the entire history of the case, including the length of time

---

[8] *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

[9] *See id*.

[10] *See Sellers*, 199 S.W.3d at 391.

[11] *See supra* nn.3–4; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 14.004.

[12] *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Sellers*, 199 S.W.3d at 390–91.

the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay."[13]  Rule 6 of the Texas Rules of Judicial Administration states that civil cases that are not disposed of within eighteen months of filing may be placed on the court's dismissal docket.[14]

Banos did nothing to advance his suit for almost ten years between 1999 and 2008.  Nothing in the record reveals any facts that would support a reasonable excuse for Banos's failure to do anything to pursue his case during this time period.  Under these circumstances, we hold that the trial court did not abuse its discretion by dismissing this cause for want of prosecution.

Accordingly, we overrule Banos's four issues and affirm the trial court's order of dismissal.

PER CURIAM

PANEL:  CAYCE, C.J.; WALKER and McCOY, JJ.

DELIVERED:  January 22, 2009

---

[13] *Scoville v. Shaffer*, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.).

[14] *See* Tex. R. Jud. Admin. 6; *see also Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 842 (Tex. App.—Fort Worth 1999, no pet.).