COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-242-CV

 

 

JOHN W. BANOS                                                                APPELLANT

 

                                                   V.

 

THOMAS A. WILDER                                                              APPELLEE

 

                                              ------------

 

            FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In four issues, appellant
John W. Banos pro se appeals the dismissal for want of prosecution of his
lawsuit against appellee Thomas A. Wilder. 
We affirm.








Wilder is the district clerk
for all district courts in Tarrant County. 
Banos sued Wilder in 1997 in the 48th District Court of Tarrant County,
Texas,[2]
alleging that Wilder failed to provide him with copies of requested documents
and that this violated Banos=s civil rights, giving rise to a section 1983 claim.[3]


The case sat dormant until
February 28, 2008, when the trial court issued an order to show cause why the
case should not be dismissed.  In
response, Banos claimed to have sent a letter to the trial court in October
2000 asking when a new trial date was set. 
There is, however, no such letter in the record.  Banos also argued in his response that the
actions he took from 1997 through 2000 demonstrated that he Aused a [sic] reasonable diligence to advance his suit and move it to a
quick conclusion . . . .@[4] 








Upon receiving Banos=s response, the trial court issued an amended show cause order in
which it ordered the parties to show cause why the case should not be dismissed
for want of prosecution, as frivolous inmate litigation under section 14.003 of
the Texas Civil Practice and Remedies Code,[5]
or because Banos failed to file an affidavit with certain information about his
litigation history and inmate trust account as required by section 14.004 of
the Texas Civil Practice and Remedies Code.[6]  Wilder argued in response that dismissal
would be proper on any of the three grounds identified.  Banos attempted to amend his pleadings to
include the information required by section 14.004.  Then, on May 15, 2008, without specifying the
grounds for its order, the trial court dismissed Banos=s suit. 








We review a trial court=s dismissal for want of prosecution under an abuse of discretion
standard.[7]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.[8]  Merely because a trial court may decide a
matter within its discretion differently than an appellate court would in
similar circumstances does not demonstrate an abuse of discretion.[9]

When a dismissal order does
not specify the ground on which dismissal was based, we will Aaffirm the trial court=s judgment on any theory supported by the record.@[10]  Chapter 14 of the Texas Civil
Practice and Remedies Code authorizes a trial court to dismiss an inmate=s lawsuit when the suit is frivolous or when the inmate fails to file
an affidavit regarding his litigation history and a certified copy of his trust
account statement.[11]  A trial court also has authority to dismiss a
case for want of prosecution under its inherent power when a plaintiff fails to
prosecute his or her case with due diligence.[12]









In determining whether a
party has diligently prosecuted his case, the trial court Amay consider the entire history of the case, including the length of
time the case was on file, the extent of activity in the case, whether a trial
setting was requested, and the existence of reasonable excuses for delay.@[13]  Rule 6 of the Texas Rules of
Judicial Administration states that civil cases that are not disposed of within
eighteen months of filing may be placed on the court=s dismissal docket.[14]

Banos did nothing to advance
his suit for almost ten years between 1999 and 2008.  Nothing in the record reveals any facts that
would support a reasonable excuse for Banos=s failure to do anything to pursue his case during this time
period.  Under these circumstances, we
hold that the trial court did not abuse its discretion by dismissing this cause
for want of prosecution.

Accordingly, we overrule
Banos=s four issues and affirm the trial court=s order of dismissal.

 

PER CURIAM

PANEL:  CAYCE, C.J.; WALKER and McCOY, JJ.

 

DELIVERED:  January 22, 2009 











[1]See Tex.
R. App. P. 47.4.





[2]Banos
argues in his brief that his suit was filed in Aconstitutional
court@ but
was illegally transferred to the 48th District Court.  However, nothing in the record suggests this
case was ever transferred.





[3]See 42
U.S.C. ' 1983
(2003).





[4]The
record contains a motion for summary judgment filed by Banos in August 1997,
but there is nothing in the record indicating that Banos asked the court to act
on this motion or that the motion was ever ruled upon.  Banos further claims to have filed a motion
for a bench warrant or to appear by video at the trial and to have sought a
continuance but asserts that he Adidn=t
hear anything from the court@ nor did he Areceive
a response@ to
these alleged motions.  No such motions,
however, appear in the record.  Banos
also states that the trial court set his suit for trial during the week of
January 18, 1999, but again, nothing in the record reflects such a setting. 





[5]See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon 2002).





[6]See
id. '
14.004 (requiring inmate who claims inability to pay costs to file affidavit
identifying and describing all litigation brought by inmate and certified copy
of trust account statement).





[7]See
In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003); Sellers v.
Foster, 199 S.W.3d 385, 390 (Tex. App.CFort Worth 2006, no pet.).





[8]See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986).





[9]See
id.





[10]See
Sellers, 199 S.W.3d at 391.





[11]See
supra nn.3B4; see
also Tex. Civ. Prac. & Rem. Code Ann. '
14.004.





[12]See
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630
(Tex. 1999); Sellers, 199 S.W.3d at 390B91.





[13]Scoville
v. Shaffer, 9 S.W.3d 201, 204 (Tex. App.CSan
Antonio 1999, no pet.).





[14]See Tex.
R. Jud. Admin. 6; see also Maida v. Fire Ins. Exch., 990 S.W.2d 836, 842
(Tex. App.CFort
Worth 1999, no pet.).