COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
 2-08-224-CV

 

 

RAFAEL ALVARO PRIETO                                                     APPELLANT

 

                                                   V.

 

ATTORNEY JIM SHAW                                                           APPELLEE

 

                                              ------------

 

            FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction and Procedural Background

In one
issue, pro se appellant Rafael Alvaro Prieto contends the trial court abused
its discretion by dismissing Prieto=s
lawsuit against appellee Attorney Jim Shaw. 
We affirm.













Prieto
sued Shaw in July 2000 alleging Shaw breached a contract and committed various
acts of legal malpractice.  Prieto filed
his first amended petition on August 10, 2000. 
The record reflects Prieto took no further action to prosecute his
claims against Shaw before February 28, 2008.[2]  On that date, the trial court issued an order
to show cause why the case should not be dismissed for want of
prosecution.  Prieto filed a response to
the show cause order on March 24, 2008, but his response did not address why
his lawsuit should not be dismissed for want of prosecution.  The trial court then issued an amended show
cause order in which it ordered the parties to show cause why the case should
not be dismissed for want of prosecution, as frivolous inmate litigation under
section 14.003 of the Texas Civil Practice and Remedies Code, or for failure to
comply with section 14.004 of the Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code
Ann. '' 14.003(a)(2),
14.004 (Vernon 2002); Tex. R. Civ. P. 165a. 
Prieto filed another response, this time addressing sections 14.003 and
14.004 of the civil practice and remedies code, but again failing to address why
his lawsuit should not be dismissed for want of prosecution.  Without specifying the grounds for its order,
the trial court dismissed Prieto=s
lawsuit on May 2, 2008.

II. 
Analysis

We
review a trial court=s dismissal for want of
prosecution under an abuse of discretion standard.  See In re Z.L.T., 124 S.W.3d 163, 165
(Tex. 2003); Sellers v. Foster, 199 S.W.3d 385, 390 (Tex. App.CFort
Worth 2006, no pet.).  To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles; in other
words, we must decide whether the act was arbitrary or unreasonable.  See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex. 1985), cert. denied,
476 U.S. 1159 (1986).  Merely because a
trial court may decide a matter within its discretion differently than an
appellate court would in similar circumstances does not demonstrate an abuse of
discretion.  See id. at 242.








When a
dismissal order does not specify the ground on which it is based, we will Aaffirm
the trial court=s judgment on any theory
supported by the record.@ 
Sellers, 199 S.W.3d at 391. 
Chapter fourteen of the Texas Civil Practice and Remedies Code
authorizes a trial court to dismiss an inmate=s
lawsuit when the suit is frivolous or when the inmate fails to file an
affidavit regarding his litigation history and a certified copy of his trust
account statement.  See Tex. Civ.
Prac. & Rem. Code Ann. '' 14.003,
14.004; see also Brewer v. Simental, 268 S.W.3d 763, 767 (Tex. App.CWaco
2008, no pet.) (stating an inmate=s
failure to follow the procedural requirements set forth in chapter fourteen of
the civil practice and remedies code will result in dismissal of the inmate=s
suit).  A trial court also has authority
to dismiss a case for want of prosecution under rule 165a of the Texas Rules of
Civil Procedure or its inherent power when a plaintiff fails to prosecute his
or her case with due diligence.  Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); Sellers,
199 S.W.3d at 390B91.

In
determining whether a party has diligently prosecuted his case, the trial court
Amay
consider the entire history of the case, including the length of time the case
was on file, the extent of activity in the case, whether a trial setting was
requested, and the existence of reasonable excuses for delay.@  Scoville v. Shaffer, 9 S.W.3d 201, 204
(Tex. App.CSan Antonio 1999, no pet.).  Rule 6 of the Texas Rules of Judicial
Administration states that civil cases that are not disposed of within eighteen
months of filing may be placed on the court=s
dismissal docket.  See Tex. R.
Jud. Admin. 6, reprinted in Tex. Gov=t Code
Ann., tit. 2, subtit. F app. (Vernon 2005); see also Maida v. Fire Ins.
Exch., 990 S.W.2d 836, 841B42 (Tex.
App.CFort
Worth 1999, no pet.).








Prieto
did nothing to advance his suit against Shaw for more than seven years between
August 10, 2000, when he filed his first amended petition, and February 28,
2008, when the trial court issued its first show cause order. Nothing in the
record reveals any facts that would support a reasonable excuse for Prieto=s
failure to pursue his case during this time period.  Under these circumstances, we hold that the
trial court did not abuse its discretion by dismissing this cause for want of
prosecution.  Accordingly, we overrule
Prieto=s sole
issue and affirm the trial court=s order
of dismissal.

III. 
Prieto=s Motions for Discovery

Prieto
filed with this court a AMotion for Discovery@ on
November 9, 2009, and a ASecond Motion for Discovery@ on
November 23, 2009.  Because we have
affirmed the trial court=s order of dismissal, Prieto=s
motions for discovery are moot.  Thus, we
deny Prieto=s motions for discovery.

IV. 
Conclusion

Having
overruled Prieto=s sole issue and denied Prieto=s
motions for discovery, we affirm the trial court=s order
of dismissal.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
WALKER, JJ.

 

DELIVERED:  December 17, 2009











[1]See Tex. R. App. P. 47.4.





[2]Prieto also sued
Francisco Hernandez, Jr. in July 2000. 
The trial court dismissed Prieto=s claims against Hernandez for want of
prosecution on January 8, 2002. 
Hernandez is not a party to this appeal.