

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

06-20-00009-CV

_____

EDWIN RAY SEWELL, Appellant

V.

J. MICHAEL BROCK, J. MICHAEL BROCK PLLC,
HOWARD MOWERY, AND MOWERY LAW FIRM, Appellees

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14C0986-102

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

In this legal malpractice case, Edwin Ray Sewell appeals the dismissal of his suit against his former attorneys, J. Michael Brock (Brock), J. Michael Brock, PLLC (Brock, PLLC), Howard Mowery (Mowery), and Mowery Law Firm (collectively Attorneys). On appeal, Sewell complains that (1) the County Court at Law of Titus County (Titus CCL) erroneously transferred his suit from Titus County to Bowie County, and (2) the 102nd Judicial District Court of Bowie County (102nd District Court) erroneously dismissed his suit for want of prosecution. Because we find that the Titus CCL did not err when it transferred the suit to Bowie County and that the 102nd District Court did not abuse its discretion by dismissing the suit for want of prosecution, we affirm the 102nd District Court's judgment.

## I.     Transfer of the Suit Was Not Error

### A.     Procedural Background and Evidence Relating to Venue

On July 1, 2014, Sewell filed his original petition in the Titus CCL in which he asserted claims against Attorneys for legal malpractice, professional negligence, negligent misrepresentation, and gross negligence. He alleged that (1) he had retained Attorneys to represent him in a motor vehicle accident that occurred in Titus County on September 8, 2010, (2) Attorneys had engaged in settlement negotiations with an insurance company, and (3) when Attorneys failed to file suit prior to the expiration of the statute of limitations, the insurance company withdrew its settlement offer.

The petition also alleged that Sewell, Brock, and Mowery resided in Bowie County and that Brock, PLLC, and Mowery Law Firm did business in Bowie County. It also asserted that

2

venue was proper in Titus County "under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to [the] lawsuit occurred in [Titus] county."

On July 24, 2014, Attorneys filed a motion to transfer venue and an affidavit in support of that motion. In their motion, Attorneys specifically denied that venue in Titus County was proper because the contract of legal representation was not negotiated or made in Titus County, no part of the cause of action was based or performed in Titus County, and none of the alleged acts or omissions giving rise to the cause of action occurred in Titus County. They also pleaded that all or a substantial part of the cause action occurred in Bowie County, that they resided in Bowie County, and that their principal office in this state was in Bowie County. In the affidavit, Mowery asserted that both he and Brock were sole practitioners and that their offices and residences were in Bowie County; that any agreement for legal representation of Sewell was negotiated and performed in Bowie County; that all telephonic, in-person, and written communications between Attorneys and Sewell occurred in Bowie County; that neither Mowery nor Brock travelled to Titus County for any reason related to their representation of Sewell; that no communications with any liability insurer for the tortfeasor in the motor vehicle accident occurred in Titus County; and that no lawsuit in connection with the accident was filed in Titus County.

On July 31, 2014, the Titus CCL granted the motion[1] and transferred the suit to the County Court at Law of Bowie County.[2] On August 11, 2014, Sewell filed a motion to set aside the order transferring venue but did not obtain a ruling from the Titus CCL. Sewell also did not submit an affidavit in support of venue in Titus County with his motion.

In September 2014, after the Titus CCL lost its plenary jurisdiction to correct the transfer order,[3] Sewell filed, in the Titus CCL, his Plaintiff's Response By Submission to Plaintiff's Motion to Set Aside Order Transferring Venue and the affidavits of David F. Freudiger, one of Sewell's attorneys, and of Sewell.[4] As relevant to the arguments in this appeal, Freudiger claimed that all or a substantial part of the events giving rise to Sewell's malpractice claims occurred in Titus County, that Sewell's underlying personal injury accident occurred in Titus County, and that Sewell had to seek medical treatment from the accident from Titus Regional Medical Center and other Titus County medical providers. Sewell's affidavit (1) averred that he was involved in a motor vehicle accident in Titus County and that he was transported to Titus County Regional Hospital where he was treated for injuries and (2) attached the accident report.

The only other evidence in the record relating to venue was the Contingent Fee Agreement (Agreement) executed by Sewell, which was Exhibit 2 to Attorneys' motion for

---

[1]On appeal, Sewell does not complain about not receiving the notice required by Rule 87 of the hearing on the motion to transfer. *See* TEX. R. CIV. P. 87(1).

[2]The case was later transferred to the 102nd District Court by the presiding judge of the First Administrative Judicial Region.

[3]*See In re Gibbs*, No. 06-15-00002-CV, 2015 WL 400468, at *1 (Tex. App.—Texarkana Jan. 30, 2015, orig. proceeding) (mem. op.) (plenary jurisdiction to correct a transfer order expires after thirty days) (citing *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) (orig. proceeding)).

[4]This motion and the accompanying affidavits were not filed in the 102nd District Court until May 27, 2020, over three months after the notice of appeal was filed in this Court.

4

summary judgment filed in the 102nd District Court. The Agreement recites that Sewell retain[ed] the Mowery Law Firm and the Michael J. Brock Law Firm to prosecute Sewell's claim for personal injuries and damages sustained in a motor vehicle accident on October 8, 2010.[5] The Agreement also recited that it was "performable in BOWIE County, Texas."

## B. Applicable Law and Standard of Review

"[A] plaintiff has the first opportunity to fix venue in a proper county by filing suit in that county." *In re Harding*, 563 S.W.3d 366, 370 (Tex. App.—Texarkana 2018, orig. proceeding) (citing *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding)). When, as here, the defendant properly "objects to the plaintiff's choice of venue through a motion to transfer, the plaintiff has the burden to present prima facie proof by affidavit that venue is maintainable in the county where the suit has been filed." *Id.* (citing TEX. R. CIV. P. 87(3); *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding)). "A plaintiff satisfies this burden 'when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading.'" *Id.* (quoting TEX. R. CIV. P. 87(3)(a)). "If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue." *Id.* (quoting *Masonite Corp.*, 997 S.W.2d at 197). "On this issue, the defendant has the burden of proof." *Id.* (citing *Masonite Corp.*, 997 S.W.2d at 197).

---

[5]After Attorneys filed a motion for summary judgment, Sewell amended his petition to recite that October 10, 2010, was the date of the motor vehicle accident.

In an appeal challenging the trial court's ruling on a motion to transfer venue, we "review . . . the entire record to determine whether venue was proper in the ultimate county of suit." *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b). If there is probative evidence to support the trial court's ruling, we will defer to its decision, even if the preponderance of the evidence is to the contrary. *Ruiz*, 868 S.W.2d at 758. If there is no such evidence, we must reverse the judgment and remand the case to the trial court. *Id*. We review "the record in the light most favorable to the trial court's ruling," but "[w]e do not defer . . . to the trial court's application of the law." *Id*.

**C.    Analysis**

In Sewell's first issue, he contends that the Titus CCL erred in transferring the suit because venue was proper in Titus County. In his original petition, Sewell alleged that venue was proper in Titus County under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1) (providing for venue "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred"). Even so, after Attorneys challenged venue[6] in Titus County through a motion to transfer venue, Sewell did not file any affidavits or duly proved attachments supporting any venue facts pleaded in his original petition at any time while the Titus CCL retained plenary jurisdiction. Since Attorneys pleaded that venue in Bowie County was proper because all or a substantial part of the cause action occurred in Bowie County, the individual Attorneys resided in Bowie County, and the principal offices of their firms in this state were in Bowie County, and

---

[6]Sewell does not assert that Attorneys did not properly challenge venue in Titus County or that they did not carry their burden to show that venue in Bowie County was proper.

supported those pleadings with an affidavit, the Attorneys carried their burden to establish that venue was proper in Bowie County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2), (3) (providing for venue "in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person" and "in the county of the defendant's principal office in this state, if the defendant is not a natural person"). The Titus CCL therefore was required to transfer the case to Bowie County. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *Harding*, 563 S.W.3d at 370.

That said, we must review the entire record in the case, including any evidence that may have been introduced after the suit was transferred to Bowie County, to determine whether venue was proper in Bowie County, the ultimate county of suit. *See Ruiz*, 868 S.W.2d at 758. This requires us first to determine whether any evidence showed that venue was proper in Titus County, because, if the plaintiff has submitted probative evidence that shows venue is proper in the county in which suit was filed, "no other county can be a proper venue in that case." *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 261 (Tex. 1994).

In his brief, Sewell asserts that venue was proper in Titus County based on Section 15.002(a)(1) because all or a substantial part of the events giving rise to the cause of action occurred in Titus County. He points to two factual allegations in his original petition that he argues support venue under this section: (1) the motor vehicle accident occurred in Titus County and (2) he had to seek medical treatment in Titus County as a result of the accident.[7]

---

[7] Sewell's original petition does not specifically allege that he had to seek medical treatment in Titus County because of the accident. Yet, in alleging the damages he would have been able to recover in the claim related to the accident, the original petition states that he incurred expenses "for the necessary care and treatment of the injuries resulting

7

The cause of action asserted against Attorneys was for legal malpractice, which in Texas is based on negligence. *See Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989) (op. on reh'g). "Generally, to recover on a claim of legal malpractice, a plaintiff must prove: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred." *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995). To show venue was proper under Section 15.002(1)(a), Sewell was required to allege a substantial act or omission by Attorneys that breached their duty to him and that occurred in Titus County. *See Foreman v. Rowe*, 511 S.W.2d 544, 545 (Tex. App.—Austin 1974, no writ) (decision under prior statute).

In *Foreman*, Rowe sued for legal malpractice against Foreman, his former attorney, in Bell County. Rowe had hired Foreman to prosecute a personal injury suit arising out of an incident in Bell County in which Rowe had sustained gunshot wounds. Foreman instituted the personal injury suit in Bell County, but then allowed it to be dismissed for lack of prosecution. *Id.* The evidence at the plea of privilege hearing showed that Foreman had mailed the petition to Bell County, that he had not made an appearance in the case in Bell County, and that all consultations about the case had taken place in Harris County where Foreman resided. No

---

from the accident complained of . . . and such charges are reasonable and were usual and customary charges for such services in Titus County, Texas."

Sewell also directs us to the two affidavits filed as attachments to his Plaintiff's Response by Submission to Plaintiff's Motion to Set Aside Order Transferring Venue. However, those affidavits were filed in the Titus CCL after it lost plenary jurisdiction and were not filed in the 102nd District Court until three months after Sewell filed his notice of appeal, long after that court lost plenary jurisdiction of the case. So, these affidavits were not before either court while they had jurisdiction of the case and, therefore, cannot be considered evidence in the record of this case.

8

evidence showed that Foreman had been in Bell County at any time in connection with the suit or that he had performed any act in Bell County related to the suit. *Id*.

In reversing the trial court's denial of Foreman's plea of privilege, the Austin Court of Appeals explained,

> If Foreman negligently failed to act, in an effort to prevent dismissal of the suit, or thereafter failed to act in an effort to reinstate the cause, his omissions, if there were any, occurred in Harris County.
>
> . . . .
>
> In the hearing on the plea of privilege, Rowe had the burden to show that some act or omission of negligence occurred in Bell County which was a proximate cause of the damages he claims.

*Id*. at 546. Thus, it is where the negligent acts or omissions by an attorney occurred, not where the incidents leading to the cause of action that the attorney was hired to prosecute occurred, that is relevant to determining in what county venue is proper under Section 15.002(a)(1).

Here, the evidence showed that all communications between Attorneys and Sewell occurred in Bowie County, that the Agreement was negotiated and entered in Bowie County, and that all settlement negotiations occurred in Bowie County. No evidence showed that Attorneys performed any action in Titus County in relation to the underlying claim. This record shows that if Attorneys committed any negligent act or omission, such as by failing to settle the claim or by failing to file suit prior to the expiration of the statute of limitations, the negligent act or omission occurred in Bowie County, not Titus County. Venue, therefore, was not proper in Titus County under Section 15.002(a)(1).

Sewell also argues that, since in a legal malpractice action he is required to show how much he would have recovered in damages in the underlying claim, the damages he incurred in Titus County as a result of the underlying accident are relevant to whether venue was proper there. We agree that, at any trial of a legal malpractice cause of action, to establish his damages the plaintiff must establish that the true value of the underlying claim was greater than what he received as a result of his attorney's negligent representation. *See Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013). The damages Sewell incurred in the underlying claim were relevant to establishing the amount of the damages, if any, that he suffered because of Attorneys' alleged negligence. That said, any damages incurred by Sewell in the underlying accident were not caused by the negligence of Attorneys. Any damages caused by the negligence of Attorneys would be the difference between those damages and what Sewell received because of Attorneys' alleged negligence.

Consequently, assuming damages are a relevant consideration, only those caused by any negligence of Attorneys would be relevant in determining the proper county of venue. Here, the evidence showed that all of Attorneys' actions in relation to the underlying claim occurred in Bowie County and that Sewell was a resident of Bowie County. Thus, under this record, any damages caused by the negligent acts and omissions of Attorneys, if any, would have been incurred by Sewell in Bowie County.

Sewell also asserts that the Titus CCL erred in transferring venue because Sewell requested that the suit remain in Titus County for the convenience of witnesses and in the interest of justice under Section 15.002(b) of the Texas Civil Practice & Remedies Code. *See* TEX. CIV.

PRAC. & REM. CODE ANN. § 15.002(b). But the record shows that Sewell only made this request in his Plaintiff's Response By Submission to Plaintiff's Motion to Set Aside Order Transferring Venue, which was not filed in the Titus CCL until after that court had lost plenary jurisdiction of the case. To preserve an error for appellate review, the record must show, among other things, that "the complaint was made to the trial court by a timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1). Because Sewell's request was not made until after the Titus CCL had lost jurisdiction, his request was untimely. As a result, he has not preserved this complaint for our review.

The record shows that venue was not proper in Titus County and that probative evidence supports the trial court's determination that venue was proper in Bowie County under Section 15.002(a), subsections (1), (2), and (3), of the Texas Civil Practice and Remedies Code. We, therefore, find that the Titus CCL did not err in transferring the case to Bowie County. For these reasons, we overrule Sewell's first issue.

## II. The 102nd District Court's Dismissal Was Not an Abuse of Discretion

### A. Applicable Law and Standard of Review

In his second issue, Sewell complains that the 102nd District Court abused its discretion by dismissing his suit for want of prosecution. "We review a dismissal for want of prosecution under a clear abuse of discretion standard; the central issue is whether the plaintiffs exercised reasonable diligence." *MacGregor v. Rich*, 941 S.W.3d 74, 75 (Tex. 1997) (per curiam) (citing *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) (per curiam)). "A trial court abuses its discretion if it acts without reference to any guiding rules and principles or reaches a

11

decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Franklin v. Benton-Elam*, No. 06-13-00126-CV, 2014 WL 1722165, at *7 (Tex. App.— Texarkana Apr. 30, 2014, no pet.) (mem. op.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

"A plaintiff has a duty to 'prosecut[e] the suit to a conclusion with reasonable diligence,' failing which a trial court may dismiss for want of prosecution." *In re Levetz*, No. 06-19-00086-CV, 2019 WL 5444158, at *2 (Tex. App.—Texarkana Oct. 24, 2019, orig. proceeding) (mem. op.) (quoting *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (per curiam) (orig. proceeding) (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. Comm'n App. 1942))). "A trial court may dismiss a suit for want of prosecution either under its inherent power or pursuant to Rule 165a of the Texas Rules of Civil Procedure." *Id.* (quoting *In re Crawford*, 560 S.W.3d 357, 364 (Tex. App.—Texarkana 2018, orig. proceeding) (citing *Conner*, 458 S.W.3d at 534)). "Under Rule 165a(2) of the Texas Rules of Civil Procedure, dismissal is proper when a case is 'not disposed of within the time standards promulgated by the Supreme Court' under the Administrative Rules." *Id.* (quoting *Crawford*, 560 S.W.3d at 364 (quoting *Conner*, 458 S.W.3d at 534) (quoting TEX. R. CIV. P. 165a(2))).

"Trial courts are generally granted considerable discretion when it comes to managing their dockets. Such discretion, however, is not absolute." *Id.* (quoting *Crawford*, 560 S.W.3d at 364 (quoting *Conner*, 458 S.W.3d at 534)). "Rule 6.1 of the Texas Rules of Judicial Administration directs that district and statutory county court judges 'should, so far as reasonably possible, ensure that all [civil cases other than family law] cases are brought to trial or final

12

disposition' within eighteen months from an appearance date in jury cases and twelve months from an appearance date in nonjury cases."[8]  *Id*. (quoting *Crawford*, 560 S.W.3d at 365 (quoting TEX. R. JUD. ADMIN. 6.1.)).  "[D]ismissal for want of prosecution may be obtained by motion of the trial court or on motion of any party to the suit."  *Id*. (quoting *In re Bordelon*, 578 S.W.3d 197, 201 (Tex. App.—Tyler 2019, orig. proceeding) (quoting *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 738 (Tex. App.—Waco 2005, pet. denied))).

**B.      Procedural Background**

The record shows that this case was initially transferred to the County Court at Law of Bowie County on July 31, 2014.  Other than pleadings related to the transfer of venue, the next activity in the record was Attorney's motion for summary judgment, supporting affidavits, brief in support of the motion for summary judgment, motion for a protective order, and Defendants' First Amended Answer and Special Exceptions, all filed by Attorneys on April 15, 2015.  In response, Sewell filed Plaintiff's First Amended Original Petition on April 29, 2015.  Soon after, Attorneys filed their Defendants' Answer and Special Exceptions to First Amended Original Petition on May 26, 2015.

Almost two years later, Sewell filed a motion to retain the case on the docket on April 20, 2017, which the trial court granted one week later.  The judge of the County Court at Law of Bowie County then recused himself on May 2, 2017, and the case was transferred to the 102nd District Court and a visiting judge was appointed on May 8, 2017, by the presiding judge of the First Administrative Judicial Region.

---

[8]The record shows that no jury demand was filed by any party.

13

After over two more years of inactivity, the 102nd District Court sent a Notice of Dismissal for Want of Prosecution to the parties on July 26, 2019, set a dismissal hearing, and warned the parties that the case would be dismissed "unless an attorney . . . appear[ed] in person and show[ed] good cause for maintaining the case on the docket." In response, Sewell filed Plaintiff's Motion for Summary Judgment on Deemed Admissions[9] and gave notice of a hearing on October 28, 2019. He then filed a motion to retain the case on the docket and cited his motion for summary judgment and its hearing as the reasons for retention. On October 10, 2019, Sewell filed a Notice of Hearing on Defendants' Motion for Protective Order, set for November 1, 2019. On October 25, 2019, Sewell filed responses to Attorneys' motion for summary judgment and motion for a protective order.

On November 1, 2019, the 102nd District Court held a hearing on the motion to retain, both motions for summary judgment, and the motion for a protective order. At the hearing, Sewell blamed his lack of prosecution on transferring the case to Bowie County, the recusal of the judge of the County Court at Law of Bowie County, the Attorneys' refusal to answer his requests for admissions, and the Attorneys' filing a motion for summary judgment.

C.      Analysis

"[T]o avoid dismissal for want of prosecution under the trial court's inherent authority, [Sewell was] required to demonstrate to the trial court that [he] had exercised reasonable diligence in prosecuting [his] suit." *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729 (Tex. App.—San Antonio 2012, pet. denied) (citing *McCray v. Keith*, No. 09-11-00398-CV,

---

[9]The requests for admissions on which the motion was based were served on March 18, 2015.

2012 WL 983172, at *2 (Tex. App.—Beaumont Mar. 22, 2012, no pet.) (mem. op.) (citing *MacGregor v. Rich*, 941 S.W.2d 74, 75–76 (Tex. 1997) (per curiam))). In considering whether reasonable diligence has been shown, "trial courts consider the entire history of the case, including whether the plaintiff requested a trial setting, the amount of activity in the case, the passage of time, and the plaintiff's excuses for the delay." *Id*. (citing *Scoville v. Shaffer*, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.)). "No single factor is dispositive." *Id*. (citing *Scoville*, 9 S.W.3d at 204).

"Under both Rule 165a and the trial court's inherent power, a conclusive presumption of abandonment of a plaintiff's suit is raised when there is a delay in prosecuting the suit of an unreasonable duration, unless sufficiently explained." *In re Crawford*, 560 S.W.3d 357, 364 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Conner*, 458 S.W.3d at 534). "Consequently, the party opposing the dismissal has the burden to produce evidence at the hearing showing good cause for its delay in prosecuting the case." *Id*. (citing *Historic Lufkin Manor, LLC v. Great Cent. Mortg. Acceptance Co.*, No. 12-12-00105-CV, 2013 WL 3270884, at *1 (Tex. App.—Tyler June 25, 2013, no pet.) (mem. op.) (citing *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.))). "Absent any reasonable explanation for the delay, the trial court clearly abuse[s] its discretion by disregarding the conclusive presumption of abandonment." *Id*. (quoting *Conner*, 458 S.W.3d at 535).

Here, no jury demand appears in the record. In August 2019, this case had been pending for more than five years, well beyond the one-year timeline set out for non-jury cases in Rule 6.1 of the Texas Rules of Judicial Administration. The unreasonable delay in the prosecution of this

suit raised a conclusive presumption of abandonment by Sewell. *Id*. Although he had the burden to produce evidence showing reasonable diligence in prosecuting the case and good cause for the delay, Sewell only pointed to events in the case that had occurred over two years before, with no explanation for the over two years of inactivity after the suit was transferred to the 102nd District Court. He also failed to explain how these events prevented him from conducting any discovery, other than sending requests for admissions, why he delayed for over four years to request a hearing on the Attorneys' motion for protective order, or why he delayed for over two years to file a motion for summary judgment based on the unanswered requests for admissions. Further, Sewell gave no indication that the suit was ready for trial or that any significant progress had been made in preparing the suit for trial.

On this record, we find that neither reasonable diligence in prosecuting the suit, nor good cause for the unreasonable delay in prosecuting it, was shown. As a result, the conclusive presumption of abandonment applied, and the 102nd District Court was justified in dismissing the suit under either Rule 165a or its inherent authority. *See In re Connor*, 458 S.W.3d 532, 534 (Tex. 2015) (per curiam) (orig. proceeding); *Dobroslavic*, 397 S.W.3d at 729. We, therefore, find that the 102nd District Court did not abuse its discretion in dismissing the suit for want of prosecution. We overrule Sewell's second issue.

16

### III. Conclusion

For the reasons stated, we affirm the 102nd District Court's judgment.

Scott E. Stevens
Justice

Date Submitted:     July 3, 2020
Date Decided:       September 2, 2020