COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



TEXAS TAX SOLUTIONS, LLC,

§      No. 08-18-00126-CV

         Appellant,

§      Appeal from

v.

§      County Court at Law No. 5

CITY OF EL PASO,

§      of El Paso County, Texas

         Appellee.

     (TC# 2014DTX0412)

## **O P I N I O N**

This is an appeal from a judgment that, in pertinent part, denies the claim of Appellant Texas Tax Solutions, LLC ("Texas Tax") to enforce a transferred tax lien. That denial is based on the trial court's finding that the lien is void and invalid because the documents on which the lien was based were fraudulently executed. We affirm.

## **BACKGROUND**

Texas Tax is in the business of making loans for the payment of delinquent taxes. In March 2011, it executed documents ("Lien Documents") evidencing a loan to Christina Gage for payment of delinquent ad valorem taxes owed on certain property in El Paso, Texas, in exchange for a transferred tax lien on the property. The Lien Documents include a Promissory Note, a Sworn Document Authorizing Transfer of Tax Lien, and a Tax Lien Deed of Trust, each of which was purportedly signed by Christina Gage. Texas Tax paid Appellee City of El Paso ("City") the taxes

owing on the Gage property for the years 2008 through 2010, and the City issued a Certified Statement of Transfer of Tax Lien.

In July 2014, the City initiated this lawsuit by filing a claim against Christina Gage for delinquent ad valorem taxes for the years 2011 through 2013. The City later joined Texas Tax as a party and invited it to intervene to assert its claim as a tax lien transferee. The City subsequently amended its petition to join individuals believed to be Christina Gage's heirs, who might have an ownership interest in the property.

On September 3, 2015, Texas Tax filed its original (in rem) answer and a plea in intervention to enforce its transferred tax lien. On that same date, Texas Tax filed a suggestion of death for Christina Gage. It was later determined, and was undisputed at the final hearing, that Christina Gage had died in 2001, ten years before the Lien Documents were signed. In two amended pleas in intervention, Texas Tax specifically alleged that it was defrauded because Christina Gage's signatures on the Lien Documents were forged by an unknown person, possibly one of Gage's children.[1]

The matter came on for final hearing before the trial court on March 27, 2018. Prior to the introduction of any evidence, Texas Tax argued that the City had not raised the validity of the transferred tax lien until four days before trial and had not asserted in its pleadings that the lien was invalid. Texas Tax declined the trial court's offer to entertain a request for a continuance. Texas Tax then informed the court that it believed Christina Gage's son, Alexander Gage, executed the Lien Documents. Counsel for Texas Tax further stated, "My client has been defrauded . . . by Mr. Gage. I'm not disputing that." The court agreed: "There is no question, and I would put it in a finding, that your client was defrauded. No question about that."

---

[1] While Texas Tax complains that the City did not raise fraud in its pleadings, its briefs on appeal entirely omit any mention that its own pleadings contain express allegations of fraud.

The only testimony presented at the hearing was the City's evidence concerning its diligence in attempting to serve persons who may have an interest in the property. Christina Gage was identified as the last known record owner of the property and the person listed on the tax and appraisal records as the property owner. Texas Tax did not offer any testimony, but introduced a number of exhibits, including the Lien Documents, as business records.

In response to inquiries from the court, counsel for Texas Tax acknowledged on the record that, "[t]o the best of [its] information," Christina Gage died in 2001 and the Lien Documents were not signed by her. The court then reiterated that there was no question but that Texas Tax had been defrauded. The court also noted that Texas Tax had been aware of Christina Gage's death for eight months. In fact, Texas Tax had been aware since at least February 2017 that Christina Gage was deceased and that someone else signed her name to the Lien Documents, because it alleged as much in its first amended plea in intervention.

On April 19, 2018, the trial court signed a judgment specifically reciting that Texas Tax was the victim of fraud as the Lien Documents "were signed by a person other than Christina Gage, the person whose name appears on" those documents. The judgment further recites that this fraud rendered the transferred tax lien void and invalid, resulting in the denial of Texas Tax's claim that the transferred tax lien was valid and enforceable. Texas Tax filed a motion for new trial in which it asserted that the City had not pleaded fraud as an affirmative defense. That motion was overruled by operation of law.

On July 13, 2018, Texas Tax filed a Notice of Filing Rule 11 Agreement, accompanied by the Rule 11 Agreement itself, which is signed by counsel for both the City and Texas Tax. The agreement states that, at or before a hearing set for July 13, 2018, the parties would jointly ask the trial court to modify its judgment in certain respects. It further provides that Texas Tax would

prepare and submit a proposed Agreed Final Judgment for the City's consideration as soon as possible and that, upon agreement of counsel, the Agreed Final Judgment would be presented to the court for signature. The record does not reflect that any such agreed judgment was presented to the trial court. Texas Tax then timely perfected this appeal.

## DISCUSSION

Texas Tax asserts that the trial court erred by finding that its transferred tax lien was invalid due to fraud because (1) the City did not plead fraud as an affirmative defense and the issue was not tried by consent, and (2) there is legally and factually insufficient evidence to support a finding of fraud. Texas Tax also contends that the trial court abused its discretion by failing to approve and enter a valid Rule 11 agreement.

## STANDARD OF REVIEW

The parties agree that the trial court's decision to consider the issue of fraud is reviewed for abuse of discretion. "A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles." *Arzate v. Andujo*, 576 S.W.3d 755, 758 (Tex. App.—El Paso 2019, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *see Heinrich v. Calderazzo*, 569 S.W.3d 247, 254 (Tex. App.—El Paso 2018, no pet.).

Whether there is legally sufficient evidence is determined by "view[ing] the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005); *see Trinity Drywall Sys., LLC v. Toka Gen. Contrs.*, 416 S.W.3d 201, 207 (Tex. App.—El Paso 2013, pet. denied). Factual sufficiency, on the other hand, is assessed by considering and weighing all of the evidence. *Trinity Drywall*, 416 S.W.3d at 207. A

4

fact finding will be set aside under this standard "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)).

## Affirmative Defense of Fraud

In its first issue on appeal, Texas Tax contends that the trial court abused its discretion by denying its claim based on a finding of fraud because the City did not plead fraud as an affirmative defense and the issue was not tried by consent. Texas Tax urges that the judgment therefore does not conform to the pleadings.

Texas Tax correctly points out that "[a] judgment must conform to the pleadings and proof, and a party may not be granted relief in the absence of pleadings to support it." *Phillips v. Phillips*, 296 S.W.3d 656, 670 (Tex. App.—El Paso 2009, pet. denied) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682, 683–84 (Tex. 1979)); *accord Armstrong v. Armstrong*, 570 S.W.3d 783, 789 (Tex. App.—El Paso 2018, pet. denied); *see* TEX. R. CIV. P. 301 (judgment shall conform to pleadings).

It also correctly states that the Texas Rules of Civil Procedure generally require that any matter constituting an avoidance or affirmative defense, including fraud, be set out in pleading to a preceding pleading. TEX. R. CIV. P. 94. An affirmative defense is one that does not controvert the facts asserted by the plaintiff, but rather "seeks to establish an independent reason why the plaintiff should not recover." *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex. 1991); *see MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 136 (Tex. 2014). The purpose of Rule 94's pleading requirement "is to give the opposing party notice of the defensive issue to be tried." *MAN Engines*, 434 S.W.3d at 136. "It is a rule of fairness that requires the defendant to identify affirmative defenses, involving facts distinct from the elements of the plaintiff's claim, so

5

that the plaintiff may reasonably prepare to rebut or explain them." *Id.*

What Texas Tax overlooks is that, while Rule 94 generally prohibits a party from relying on an unpleaded affirmative defense, that prohibition is not absolute. *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992); *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991). The supreme court has held that an affirmative defense "is not waived by the failure to specifically plead it if it is apparent on the face of the petition and established as a matter of law." *Shoemake*, 826 S.W.2d at 937; *accord Phillips*, 820 S.W.2d at 789.

Texas Tax's own live pleading alleges that the Lien Documents were procured by fraud. Because the issue of fraud was apparent on the face of Texas Tax's plea in intervention, the City was not required to plead it. *See Shoemake*, 826 S.W.2d at 937; *Phillips*, 820 S.W.2d at 789. In addition, as discussed below, the fact of fraud was established as a matter of law by Texas Tax's own judicial admissions. *See Shoemake*, 826 S.W.2d at 937; *Phillips*, 820 S.W.2d at 789.

The significance of the fraud in this case—forging Christina Gage's signature on the Lien Documents—is that a forged signature renders a transaction void. *Edwards v. Fed. Nat'l Mortg. Ass'n*, 545 S.W.3d 169, 177 (Tex. App.—El Paso 2017, pet. denied); *Worthing v. Deutsche Bank Nat'l Trust Co*, 545 S.W.3d 127, 135 (Tex. App.—El Paso 2017, no pet.). The trial court twice noted that the statute under which Texas Tax asserted its claim requires the existence of a valid tax lien. *See* TEX. TAX CODE ANN. § 32.06(a-1). A tax lien is enforceable only if it was transferred in accordance with the statute's requirements. *Genesis Tax Loan Servs., Inc. v. Kothmann*, 339 S.W.3d 104, 108 (Tex. 2011).

By pleading that the Lien Documents were procured by fraud, and by specifically asserting that the documents were signed by an unknown person purporting to be Christina Gage, who was deceased, Texas Tax put the validity of the Lien Documents into question. *See Edwards*, 545

6

S.W.3d at 177; *Worthing*, 545 S.W.3d at 135. Having affirmatively raised the issue of fraud in the execution of the Lien Documents, Texas Tax is in no position to argue that fraud was not properly before the trial court.

Our holding that the City was not required to plead fraud as an affirmative defense also comports with the policy underlying Rule 94. As noted, the purpose of the rule is to give the opposing party notice of matters distinct from the elements of its claim, so that it may reasonably prepare to rebut or explain those matters. *See MAN Engines*, 434 S.W.3d at 136. Texas Tax cannot claim that it lacked a reasonable opportunity to prepare to address the issue of fraud in the execution of the Lien Documents. Texas Tax, itself, specifically alleged such fraud in its first amended plea in intervention, which was filed over a year before the final hearing.

The trial court did not abuse its discretion by concluding that the City was not required to plead fraud as an affirmative defense. For this reason, we need not address whether the issue was tried by consent. Issue One is overruled.

**Sufficiency of the Evidence of Fraud**

In its second issue on appeal, Texas Tax contends that the evidence is legally and factually insufficient to support the trial court's finding of fraud. This contention is disingenuous, at best. Texas Tax proved the issue of fraud by its own judicial admissions.

"Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Houston First Am. Savs. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) (quoted in *Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 534 n.20 (Tex. 2017)). In addition, clear, deliberate, and unequivocal formal declarations in open court by a party's attorney may also constitute judicial admissions binding on the party. *Texas Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 282 (Tex. App.—Corpus Christi 2007, no pet.); *see Westport*

7

*Oil & Gas Co. v. Mecom*, 514 S.W.3d 247, 255 (Tex. App.—San Antonio 2016, no pet.) (clear, deliberate, and unequivocal statements made in open court were judicial admissions).

A judicial admission not only relieves the opposing party of any burden to introduce evidence of the fact admitted, it also bars the admitting party from disputing it. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000); *see Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) ("A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact.").

> This Court has recognized five elements required to establish a judicial admission:
>
> (1) a statement made during the course of a judicial proceeding; (2) that is contrary to an essential fact or defense asserted by the person making the admission; (3) that is deliberate, clear, and unequivocal; (4) that, if given conclusive effect, would be consistent with public policy; and (5) that is not destructive of the opposing party's theory of recovery.

*In re Dillard Dep't Stores, Inc.*, 181 S.W.3d 370, 376 (Tex. App.—El Paso 2005, orig. proceeding).

Texas Tax admitted every element of fraud in its live pleading. *See Restrepo v. Alliance Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 750 (Tex. App.—El Paso 2017, no pet.) (elements of fraud are (1) a material false representation, (2) made with knowledge or recklessness as to its falsity, (3) with the intent to induce reliance, and (4) reliance causing injury). It clearly and unequivocally alleged that an unknown person misrepresented to Texas Tax that Christina Gage was alive, was the owner of the Gage property, and was the person who signed the Lien Documents. It also stated:

> In rem Defendants, including but not limited to Alexander Gage, made material misrepresentations of fact with the express purpose and intent of inducing [Texas Tax] to make payment of the loan for the benefit of said In Rem Defendants. [Texas Tax], acting in good faith, relied upon such material (mis)representations by said In Rem Defendants and, as a result, [Texas Tax] suffered injuries and damages.

In open court at the final hearing, counsel for Texas Tax deliberately, clearly, and unequivocally stated, "I will concede that the document on our loan – the signature on the loan documents, Christina Gage, was not made by Christina Gage." Counsel also deliberately, clearly, and unequivocally stated, "My client has been defrauded . . . by Mr. Gage. I'm not disputing that."[2]

The statements quoted above, both those contained in Texas Tax's live pleading and those made by counsel in open court, constitute judicial admissions. *See Musick*, 650 S.W.2d at 767 (judicial admission in pleadings); *Fredricks*, 235 S.W.3d at 282 (judicial admission by counsel in open court). The statements that the Lien Documents were procured by fraud (1) were made in the course of judicial proceedings; (2) were contrary to an essential fact asserted by Texas Tax, *i.e.* that the Lien Documents are valid; (3) were deliberate, clear, and unequivocal; (4) if given conclusive effect, would be consistent with public policy; and (5) were not destructive of the City's theory of recovery. *See In re Dillard Dep't Stores, Inc.*, 181 S.W.3d at 376.

In its reply brief, Texas Tax argues that its statements concerning fraud are not judicial admissions because the fact that Christina Gage's signatures on the Lien Documents were forged is not contrary to a fact essential to its enforcement claim. Rather, Texas Tax asserts that it was required only to prove that the documents were signed by an owner of the property, not necessarily Christina Gage. *See* TEX. TAX CODE ANN. § 32.06(a-1). We disagree.

"A document is forged if it is signed by one who purports to act as another." *Vazquez v. Deutsche Bank Nat'l Trust Co.*, 441 S.W.3d 783, 788 (Tex. App.—Houston [1st Dist.] 2014, no pet.). And, as noted above, a forged signature renders a transaction void. *Edwards*, 545 S.W.3d at 177; *Worthing*, 545 S.W.3d at 135.

---

[2] Texas Tax criticizes the trial court for stating, prior to the introduction of evidence, that there is no question that Texas Tax had been defrauded. This criticism is unwarranted, especially in light of the fact that Texas Tax wholly failed to inform this Court that the trial court's statement was made only after Texas Tax clearly stated in open court that it was not disputing that it had been defrauded.

9

An essential element of Texas Tax's claim is that its transferred tax lien is valid and enforceable. Because the signatures on the Lien Documents purport to be those of Christina Gage, an essential fact is that the person who signed the Lien Documents was actually Christina Gage. Texas Tax's repeated admissions that Christina Gage did *not* sign the Lien Documents are necessarily admissions that someone else, purporting to act as Christina Gage, signed them. In other words, Texas Tax's admissions establish that the Lien Documents were forged, rendering them void, which is contrary to a fact essential to its claim—that the Lien Documents are valid. *See Edwards*, 545 S.W.3d at 177; *Worthing*, 545 S.W.3d at 135; *Vazquez*, 441 S.W.3d at 788.

Having judicially admitted that the Lien Documents were the product of fraud, Texas Tax is barred from disputing that fact.[3] *See Wolf*, 44 S.W.3d at 568; *Auld*, 34 S.W.3d at 905. And, as a corollary, the City was relieved of any burden to introduce evidence to prove the fraud. *See Auld*, 34 S.W.3d at 905. The judicial admissions constitute both legally and factually sufficient evidence of fraud. More precisely, they conclusively establish that signatures on the Lien Documents are forgeries, which render those documents void. *See Edwards*, 545 S.W.3d at 177; *Worthing*, 545 S.W.3d at 135.

The evidence is legally and factually sufficient to support the trial court's finding that the Lien Documents are void and invalid. Issue Two is overruled.

### Enforcement of Rule 11 Agreement

In its final issue, Texas Tax argues that the trial court abused its discretion by failing to approve and enter the parties' Rule 11 agreement. Rule 11 provides that "no agreement between

---

[3] Texas Tax notes that the City referred to Texas Tax in its petition as a "tax lien transferee, who holds a tax lien against the same property by virtue of a transfer of tax lien appearing of record[.]" Texas Tax argues that this constitutes a judicial admission by the City that Texas Tax is a valid tax lien transferee who holds a valid tax lien. Texas Tax reads too much into the quoted language. The City does not clearly, deliberately, and unequivocally state that Texas Tax's lien is valid. *See Musick*, 650 S.W.2d at 767. In fact, it does not address the validity of the lien at all. Rather, it merely recites that a transfer of tax lien appears of record.

10

attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. The agreement here at issue is in writing, signed by counsel for both parties, and was filed with the court. It therefore complies with Rule 11.

Texas Tax correctly asserts that trial courts have a ministerial duty to enforce valid Rule 11 agreements. *See In re Guardianship of White*, 329 S.W.3d 591, 593 (Tex. App.—El Paso 2010, no pet.); *Scott-Richter v. Taffarello*, 186 S.W.3d 182, 189 (Tex. App.—Fort Worth 2006, pet. denied). But, because "the general rules regarding preservation of error still apply to entry of Rule 11 agreements," this Court cannot address Texas Tax's Rule 11 issue unless the record demonstrates that it was properly preserved for review. *See Stubbs v. Ortega*, 977 S.W.2d 718, 723 (Tex. App.—Fort Worth 1998, pet. denied).

A general prerequisite to presenting a complaint for appellate review is that the record shows a timely request to the trial court and either a ruling from the court or a refusal to rule, accompanied by an objection to that refusal. TEX. R. APP. P. 33.1. The record before us does not reflect a timely request to enforce the Rule 11 agreement, or any ruling or refusal to rule by the trial court concerning enforcement of that agreement. Texas Tax asserts in its reply brief that, after filing the Rule 11 agreement, the parties were "immediately informed" that the trial court refused to enforce it.[4] This assertion is not accompanied by any citation to the record, and our independent review of the record does not reveal anything showing that the Rule 11 agreement was ever presented to the trial court for enforcement or that the trial court refused to enforce it.

In a similar situation, the Dallas Court of Appeals held that an appellant waived his complaint that the trial court refused to enforce a valid Rule 11 agreement because he failed "to

---

[4] Texas Tax does not identify who informed the parties or by what means.

11

move the trial court to enforce the Rule 11 agreement 'with sufficient specificity' and to obtain a ruling on that motion." *Rammah v. Abdeljaber*, 235 S.W.3d 269, 273 (Tex. App.—Dallas 2007, no pet.) (quoting TEX. R. APP. P. 33.1(a)). We likewise hold that Texas Tax has waived its complaint on appeal that the trial court refused to enforce the parties' Rule 11 agreement. Issue Three is overruled.

## CONCLUSION

Texas Tax's judicial admissions that the Lien Documents were procured by fraud and, particularly, its judicial admissions that the signatures on the Lien Documents are forgeries, relieved the City of any burden to plead or produce evidence of fraud. Those judicial admissions are sufficient to support the trial court's finding and conclusion that the Lien Documents are invalid and unenforceable. Texas Tax's contention that the trial court abused its discretion by refusing to enforce a Rule 11 agreement is not preserved for review.

The judgment of the trial court is affirmed.


GINA M. PALAFOX, Justice

December 30, 2019

Before Alley, C.J., Rodriguez, and Palafox, JJ.